# Meyer-Marx Company *v.* Mayor and City Council of Ensley.

*Action by Municipality upon a Promissory Note.*

1.  *Note given to municipal corporation in part payment of license tax; invalid and unenforceable.*—Where the charter of a municipality provides that before any person can sell spirituous, vinous or malt liquors within its corporate limits, he shall take out a license therefor; and further, that any person who engages in any business in said municipality, for which a license is required, without first having procured a license therefor, shall be punished by fine, a note given to said municipality in part payment of a license tax, for the sale of liquor within the corporate limits of said municipality, under an agreement that although the license was not to be issued until the payment of the note, the dealer was to carry on the liquor business until default was made in its payment at maturity, is founded upon an illegal consideration and unenforceable; such contract being both *ultra vires* and illegal.

[Meyer-Marx Co. v. Mayor and City Council of Ensley.]

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the Mayor and City Council of Ensley against Fink & Roegner and Meyer-Marx Co. Fink & Roegner were not served with summons and complaint, and the suit was discontinued as to them. The suit was upon a promissory note. The defendant pleaded the general issue, and by special pleas set up that the note was void in that the consideration thereof was illegal. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment in favor of the plaintiff. From this judgment the defendant appeals and assigns the rendition thereof as error.

GEORGE HUDDLESTON, for appellant.—The city of Ensley has no corporate authority to take a note in payment for a license to sell liquors within its corporate limits, and such act if done is *ultra vires* and void, both as to the municipality and the maker of the note.—See Charter, Acts 1900 01, 247;*Chambers v. Falkner,* 65 Ala. 448; *Blumenthal v. Headland,* 132 Ala. 249; 31 Sou. Rep. 87.

ROMAINE BOYD, *contra.*—The action of the municipal authorities, constituting the granting of a license, as required by the charter, licenses may be paid in advance or not, at the discretion of the municipal authorities. The contract in this case was therefore not illegal and void.—*Blumenthal v. Headland,* 132 Ala. 249; *Allen v. Intendant,* 89 Ala. 641.

DOWDELL, J.—The note or contract sued on was given for an alleged balance of a license tax for the sale of liquors for the year 1901, by Fink & Roegner, the appellant, a business corporation, being security on the note. The evidence is without dispute that the price of the license for carrying on the business of a liquor dealer in the city of Ensley was $500.00; that at the time

of the execution of the note or contract no license in fact was issued to Fink & Roegner, and it was not intended that such license would be issued until the payment of the note in question at its maturity. There was, however, an agreement between the municipal authorities and Fink & Roegner, that the latter might engage in and carry on the business of selling liquors within the corporate limits of said city, and be exempt from prosecution for carrying on said business from the time of the execution of said note until its maturity, unless default was made in its payment at maturity. The right and authority for the municipal authorities to make such contract is claimed under a resolution or ordinance to that effect passed by the mayor and city council. The charter of Ensley City was granted by a special act of the legislature, approved December 10, 1900.—Acts 1900-01, p. 247. By section 2 of the act it is provided, that said municipality "may contract and be contracted with, purchase, receive, hold, let, sell, grant or alien property, real, personal or mixed, and may sue and be sued, plead and be impleaded, and do and perform any other acts incident to bodies corporate." Section 16 provides that the designated officials of the municipality shall have authority, (1) "to make, adopt and declare motions and resolutions, by-laws, ordinances and orders in whatever manner and upon whatever subject they see fit to carry out the powers herein granted, and for the good government and order of said city, and to affix penalties thereto;" (5) "to license, tax, regulate and restrain theatrical and other amusements, and theatres and other places of public entertainments, and the selling, retailing, wholesaling or giving away of vinous, malt, spirituous or intoxicating liquors," etc. Section 24 provides, "that before any person shall be authorized to sell malt, vinous or spirituous liquors within the corporate limits of the city of Ensley, he shall take out a license therefor for which he shall pay to the mayor and city council the sum of $500.00 annually, provided, however, if said license be taken out after July 1st of any year he shall only be required to pay the sum of $250.00" Section 33 provides, "that it shall be unlawful for any per-

son, etc., to engage in any business in the city of Ensley for which a license may be required without first having procured a license therefor, and any violation of this act. or any ordinance passed hereunder fixing a license, shall be punishable with a fine of not less than $500.00," etc. The foregoing are all the provisions of said act relating to the sale of liquor within the corporate limits of said city of Ensley, and contain an enunciation of all the powers granted relative to the issuance of license for the carrying on of such business.

We think that there can be no doubt that Section 24 of the act regulates the issuance of license to carry on the business of selling liquor. And, furthermore, that, under the provisions of this section, no license could properly be issued except where the license fee had been paid. It is equally clear to our minds that no other than a cash payment in lawful currency of the United States for the price of the required license, was ever contemplated by the law-makers. There is nothing in the statute from which to infer any intention on the part of the legislature to authorize the issuance of such a license on a credit. Section 33 of the act makes it unlawful for any person to engage in the business of selling liquor within the limits of the city of Ensley "Without first having procured a license therefor," and fixes a penalty for a violation of the statute. It needs no argument to demonstrate the absolute nullity of any motion, resolution, ordinance or by-law, adopted by the mayor and city council inconsistent with the charter provisions, under which they derive whatever authority they may have in the enactment of by-laws and ordinances. The resolution under which the municipal officers acted in making the contract sued on, was unauthorized by any grant in the charter, and inconsistent with its provisions. The contract, therefore, was not only *ultra vires,* but it was illegal. The case of *Bluthenthal & Bickert v. Town of Headland,* 132 Ala. 249, is conclusive of this case on the proposition of the illegality of the contract sued on.

The case was tried by the court without a jury, and judgment was rendered below in favor of the plaintiff.

[Birmingham Railway, Light & Power Co. v. Hinton.]

The evidence without dispute sustained the plea setting up the illegality of the contract under the law as we have stated it above, and as this finally determines the case, it is unnecessary to notice any other question raised in the record. The judgment appealed from will be reversed and a judgment rendered in favor of the defendants, appellants here.

Reversed and rendered.

McCLELLAN, C. J., HARALSON and TYSON, J.J., concurring.