# City of Mobile *v.* Mobile Electrical Supply Company.

*Assumpsit.*

(Decided November 12, 1912.  60 South. 426.)

1. *Municipal Corporations; Contract; Liability.*—Where one who
furnished electric fixtures, which were used in the remodeling of
the city building, carried on all the negotiations directly with the
municipal officers and furnished the goods upon the sole responsi-
bility of the city, without knowledge of a general contractor, the
seller was entitled to recover the reasonable value thereof from
the city on the implied contract, although a general contractor was
engaged to remodel the building.

2. *Same.*—Where the contract is not one prohibited, the seller of
goods to a municipality may recover the reasonable value thereof
where the goods were retained by the municipality, although the
officers representing the municipality had no authority to enter
into the contract of purchase.

3. *Same; Implied Contract; Form of Remedy.*—Detinue is not
the exclusive remedy of one who sells property to a municipality
under a void contract; where the city keeps the property the seller
may recover on the implied contract.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by the Mobile Electrical Supply Company against the city of Mobile. Judgment for plaintiff and defendant appeals. Affirmed.

B. BOYKIN BOONE, for appellant. The power to make municipal contracts unless otherwise provided by law rests with the council as the general governing body.— *Hall v. Cockerell,* 28 Ala. 509. In matters of official discretion, the council itself must act.—*Jewel B. Co. v. Bertha,* 91 Minn. 9; *Seibrecht v. New Orleans.* A municipality cannot delegate to a member or a committee thereof powers involving the exercise of discretion or judgment.—Authorities supra, and *City of Mobile v. Kiernan,* 54 South. 104; 28 Wis. 336; 51 S. C. 426; 12 Mo. 444; 17 N. Y. 449. Purely ministerial or executive officers cannot bind the municipality by contract.— *Hublin v. New Haven,* 54 Atl. 298. One dealing with municipal officers, boards or committee is bound at his peril to take notice of the extent or limitations of their powers.—*General E. Co. v. Ft. Deposit,* 56 South. 802. Where there was no authority to enter into a contract, the city will not be liable on the implied contract. —*Brush E. L. & P. Co. v. Montgomery,* 144 Ala. 433; *City of Mobile v. Kiernan, supra.*

INGE & McCORVEY, for appellee. A municipal corporation can be bound by an implied contract.—*Brush E. Co. v. Montgomery,* 114 Ala. 433, and cases there cited; *General E. Co. v. Ft. Deposit,* 56 South. 802; *Allen v. LaFayette,* 89 Ala. 641; Dillon's Mun. Corp. secs. 459 and 460; 107 N. W. 214; 30 S. W. 25. The oral charge of the court must be construed as a whole and if when so construed it correctly states the law, isolated portions thereof may not be selected as grounds for reversal.—*Shelton v. The State,* 144 Ala. 106. The

Alabama cases cited by appellant are without application.

PELHAM, J.—Suit was filed in the court below by the appellee to recover on the common counts from the appellant, a municipal corporation, for certain electrical fixtures furnished by the appellee to the appellant to be used in connection with the work of remodeling the building known as the "City Hall of Mobile." The defendant filed a plea of the general issue. The errors assigned are the refusal of the court to give the general charge in behalf of the defendant, requested by it in writing; and giving that part of the oral charge of the court in which the court charged the jury that the plaintiff under certain conditions could recover, if at all, on an implied contract.

The evidence introduced in behalf of the plaintiff tended to show that the plaintiff company was a corporation engaged in the general electric supply business in the city of Mobile, Ala., and furnished and installed the electrical fixtures for the City Hall of Mobile at the time the building was remodeled; that the plaintiff company dealt with and extended credit in the transaction solely to the city authorities, regarding them as acting for the city, and did not know in the transaction one Chamblin, a contractor in charge of the work of remodeling under a general contract with the city, and had no notice and nothing to put it on notice of the contract between Chamblin and the city, under the terms of which contract the city claimed Chamblin was to pay for the electrical fixtures to be used in remodeling the City Hall building.

The evidence introduced by the defendant did not show actual notice to the plaintiff of the contract between Chamblin and the city, and had but slight

tendencies in the direction of·showing facts reasonably calculated to put the plaintiff, or any of its agents or officers, on notice of the contract (and specifications) entered into between the municipality and Chamblin as a general contractor.

It appeared from the evidence without conflict that the plaintiff furnished the fixtures in controversy; that they were reasonably worth the amount claimed and for which judgment was rendered in favor of the plaintiff against the defendant; that the president of the plaintiff conducted the negotiations looking to the selection and installation of the fixtures solely with the city authorities; that the municipality accepted and retained the fixtures, refusing to pay for or return them upon demands made by the plaintiff.

The contention of the appellant primarily is that the contractor, Chamblin, was required, under the terms and conditions of his contract with the city for remodeling the building, to supply these fixtures and that consequently no responsibility or liability rests upon the city in the premises. It was also the appellant's contention in this connection in the trial court that the plaintiff had notice of the contract, or of facts that would reasonable put it on notice. The other propositions mainly contended for by appellant are that the mayor and building committee were without authority to bind the municipality, and that the appellee could not recover on an implied contract under the facts in the case. The contract and attached specifications between the city and Chamblin, the general contractor, were introduced in evidence on the trial and are set out in the bill of exceptions; but whether or not by its terms the contractor is required to furnish the electrical fixtures, and the amount specified to be paid for them is included in the contract price to be paid by the municipality to

Chamblin as a general contractor, is unnecessary to consider in determining the issues presented by this record, and we do not pass upon that question.

Assuming that the contract required the general contractor to furnish the fixtures and that they were covered by and to be paid for out of the contract price to be paid Chamblin by the city under the contract between them, yet if the plaintiff, not being a party to that contract and with no knowledge or notice of it, through bona fide negotiations had with the mayor and building committee of the aldermanic board, did, as a matter of fact, furnish the fixtures to the city on its sole responsibility, and the city accepted, retained, and used the fixtures so furnished by the plaintiff and refused to return or pay for them on ·proper demand made, the city would nevertheless be liable to the plaintiff for the reasonable value of the fixtures under an implied contract.

Even if it be true that the plaintiff could not recover on a contract because the city authorities with whom it dealt were not authorized to bind the municipality, and the aldermanic board as such, which only would have been authorized to bind the city, did not act in the premises, yet the plaintiff would not for these reasons be without a remedy and would not be precluded from a recovery in an action of assumpsit of the reasonable value of the fixtures on an implied contract.— *Brush Electric. Light & Power Co. v. City Council of Montgomery,* 114 Ala. 433, 21 South. 960.

Although the officers or agents of a municipality ordering and accepting goods for the municipality are not acting within the scope of their authority and are not authorized to enter into a contract binding upon the city, if the property thus acquired is retained by the municipality for municipal uses, and the contract is merely void as distinguished from illegal, a recovery

may be had against the city for the fair, reasonable value of the property on an implied contract.—*General Electric Co. v. Town of Ft. Deposit,* 174 Ala. 179, 56 South. 802; *Allen v. La Fayette,* 89 Ala. 641, 8 South. 30, 9 L. R. A. 497; *Marsh v. Fulton County,* 10 Wall. 676, 19 L. Ed. 1040; *Louisiana v. Wood,* 102 U. S. 294; 26 L. Ed. 153; 2 Dillon on Municipal Corporations (5th Ed.) §§ 793, 794, and the authorities collected and cited in footnotes to these sections.

Appellant's counsel calls attention to  the fact that the form of action in the recent case decided by the Supreme Court, *General Elec. Co. v. Fort Deposit, supra,* was in detinue, and makes the claim that the only remedy is to recover the property thus acquired and used by the municipality.  This is untenable.  The right to recover on the implied contract is based on the contract that the law makes between the parties implying a promise to pay a reasonable compensation for the property retained to the use and benefit of the municipality. Restitution of the property itself may be enforced in a proper case, but the right to recover the property is not exclusive.  The reason for the rule requiring restitution of the property, or reasonable compensation to be made therefor, rests alike upon the same broad doctrine and principle of primary justice that the property of one may not be used and enjoyed by another without compensation.

The evidence in this case was amply sufficient to submit to the jury the plaintiff's right to recover on an implied contract, and the court properly refused to give the general charge requested by the defendant.  That part of the charge of the court to which an exception was reserved, instructing the jury that the plaintiff could recover, if at all, upon an implied contract, when taken and construed in connection with the entire

charge (*B'ham R. L. & P. Co. v. Murphy,* 2 Ala. App. 588, 56 South. 817), is free from error. The judgment of the court below is affirmed.

Affirmed.