CITY OF PUNTA GORDA v. EUREKA FIRE HOSE MANUFAC-
TURING CO.

158 So. 128.
Opinion Filed December 13, 1934.

▪ *Thomas W. Butler,* for Plaintiff in Error.

▪ *John H. Hancock,* for Defendant in Error.

BUFORD, J.—Defendant in error filed suit against plaintiff in error in the Circuit Court in and for Charlotte County.

An amended declaration was filed in three counts. To that declaration was attached three different contracts for the purchase of fire hose. The first contract was signed, "Eureka Fire Hose Manufacturing Company by P. C.

Herbert, Son. Mgr. per H. M. Timmerman, Spec. Rep."
and "City of Punta Gorda, *Seal,* by C. H. Akin, *Seal,* City
Manager." The second contract was signed, "Eureka Fire
Hose Manufacturing Company, by H. H. Timmerman,
District Manager" and "City of Punta Gorda, Florida, *Seal,*
Charles K. Dodd, *Seal,* City Manager." The third contract
was signed "Eureka Fire Hose Manufacturing Company,
by P. O. Herbert, Sou.-Mgr., by Arthur H. Wilson" and
"City of Punta Gorda, *Seal,* by Charles K. Dodd, *Seal,*
City Manager, *Seal."*

This declaration was filed on July 11, 1933, and on the
16th day of September, 1933, plaintiff filed a second
amended declaration in five counts. The first, second and
third were common counts for money payable for goods
bargained and sold to the defendant by the plaintiff. The
fourth count was a common count on account stated. The
fifth count may be ignored because it stated no cause of
action but was not demurred to. To that declaration was
attached a statement of account showing balance due plain-
tiff from defendant of $1998.02, the account showing it to
be a balance due on interest and principal of accounts ac-
cruing in 1926, 1927, 1929 and 1930. To this declaration
the defendant filed a plea to each and every count in which
it pleaded in effect that the contracts were not enforceable
because they were for the purchase of goods involving more
than $200.00 and the contracts had not been approved as to
form by the City Attorney, as required by the Charter Act
of the city and because the contracts violated Section 44
of the Charter Act of the city in that the City Clerk had
not certified to the City Commission or any other officer
that the money required for said contracts, agreements
and/or obligations which constitute the basis of plaintiff's
several causes of action was in the depository to the credit
of the fund from which it was to be drawn and not ap-

propriated for any other purpose, nor was any such certificate ever filed and/or recorded; and that the purported contracts of purchase of the goods described in the declaration violated Section 121 of the City Charter because the goods were purchased without the purchase being first authorized and directed by resolution of the City Commission and because the several purchases mentioned in the several contracts were made without awarding said contracts, or any of them, upon competitive bids.

Demurrer was interposed to the plea and sustained.

The declaration to which the plea was filed was not a declaration on breach of contract but, as heretofore stated, was one on common counts for goods sold and delivered and on account stated.

That the contract for the purchase of the goods was invalid would not preclude the vendor from maintaining a suit to collect an amount equal to the value of the goods. The municipality may not receive plaintiff's goods and use them, pay a part of the purchase price and then refuse to pay the balance upon the mere ground that the contract for the purchase was *ultra vires*.

In the case of Harwell v. Hillsborough County, 111 Fla., 361, 149 Sou. 547, we had under consideration a declaration in a suit to collect the amount due a paving contractor where the municipality had issued paving certificates to the contractor in payment for the work and materials which paving certificates were void. There we said:

"A majority of the court hold that under the authorities hereinafter cited where a county enters into a contract for work of a public character which it is fully authorized to pay for, and the contract has been executed and performed according to its terms, and the county has acknowledged its indebtedness under the contract by issuing its certificates of indebtedness to pay for the work done and materials fur-

nished, and is actually enjoying the fruits of the contractor's expenditures for labor and material, which expenditures were made in good faith on the strength of the county's contract, that included an assumption of obligation to provide a means of payment according to the contract, after its actual execution, that recovery may be had against the county on a *quantum meruit* basis, for the value of the work done and materials furnished to and accepted by the county under such circumstances, where the county finds that it is unable to deliver valid certificates to pay for the work done under the express contract. Lainhart v. Burr, 49 Fla. 315, 38 Sou. Rep. 711; Bill v. City of Denver, 29 Fed. 344; City of Louisville v. Hyatt, 2 B. Monroe (Ky.) 177; Sleeper v. Bullen, 6 Kan. 300; Beard v. City of Brooklyn, 31 Barb (N. Y.) 142, text 150; Commercial National Bank v. City of Portland, 24 Ore. 188, 33 Pac. Rep. 532; Reilly v. City of Albany, 112 N. Y. 30 Test 42, 19 N. E. Rep. 508; Barber Asphalt Paving Co. v. City of Harrisburg, 64 Fed. 283; City of Chicago v. People, ex rel. Norton, 56 Ill. 327, text 334; Barber Asphalt Paving Co. v. City of Denver, 72 Fed. 336; City of Leavenworth v. Mills, 6 Kan. 288; Argenti v. City of San Francisco, 16 Cal. 256, 281, 283 and many others."

On authority therein expressed and of the cases therein cited we hold that the plea interposed in this case was not a good plea and demurrer thereto was properly sustained and when the defendant refused to plead over the Court was authorized to render judgment on proof of the account stated. So the judgment should be affirmed.

It is so ordered.

Affirmed.

Davis, C. J., and Whitfield, and Terrell, J. J., concur.