189 So. 773

## MORGAN COUNTY v. MONEY.
### 8 Div. 812.

Court of Appeals of Alabama.
April 18, 1939.

Rehearing Denied May 16, 1939.

S. A. Lynne, of Decatur, for appellee.

Harris & Harris, of Decatur, for appellant.

SAMFORD, Judge.

The plaintiff, in three counts, claims of the defendant the sum of $884 for material furnished to the defendant for use on the Public Highways of Morgan County, Alabama. The first count claims for material furnished, and the second and third counts claim for money due by account; and each count avers due presentation of the claim and disallowance by the Board of Revenue.

On the trial of the cause the court, at the request of the plaintiff, gave to the jury the general affirmative charge in his behalf, whereupon the jury rendered the verdict in accordance with the charge of the court. It will, therefore, be unnecessary on this appeal for us to consider anything aside from the action of the court in giving the general affirmative charge for the plaintiff as requested.

The plaintiff, in the court below, was a dealer in road material, and on an order, signed by the four Members of the Board of Revenue of Morgan County, Alabama, shipped to the defendant the material therein ordered. This material, to the amount in value of $884, was received by the defendant and used by it, under its duly constituted authorities, in the building and maintenance of the Public Roads of the County. At the time of delivery, the plaintiff filed with the Board of Revenue an itemized statement of the material so shipped and delivered, sworn to as required by law.

On October 1, 1936, at a time when Mr. Sim Howell assumed the office of Auditor for Morgan County, Alabama, there was turned over to him this claim, which was set up by him on the Claim Register, but no recorded official account of the Board of Revenue appears in this record.

The claim has never been paid, although many requests have been made by the plaintiff for payment.

On the trial, proof was made of the delivery of the pipe, described in the claim, and its reasonable value. It was also proven, without dispute, the receipt of such pipe and its use by the County of Morgan through its duly constituted agents, and the use of same in the building and maintenance of the public roads of the county.

It is the contention of appellant: "(1) that, for a county to be made liable by implication, it is necessary that the whole body, whose duty it is to contract for the county, have knowledge of and sanction the use, which gives rise to the implication, and that no implication will arise from the action of a portion only of the governing body, unless of course it is taken at a proper meeting of the body, at which all members have the opportunity of being present; and (2) a claim must be filed for allowance within twelve months after it becomes due, and if the claim is filed before it becomes due or payable, it is not a sufficient filing within the meaning of the statute."

Without passing upon the highly technical defense interposed by the defendant to this claim, which is admittedly just and unpaid, we hold, that the order for the material having been given by every member of the Board of Revenue of Morgan County, Alabama, the delivery of the material made in accordance with the order, its acceptance by the county, and its use in the building and maintenance of the public roads of the county, renders the county liable for its payment. And we further hold that the sworn account filed by the plaintiff with the Board of Revenue of Morgan County, Alabama, and its acceptance as such, constitutes a sufficient filing of the claims as required by the statute.

There is no question raised as to the authority of the Board of Revenue of Morgan County, Alabama, to make the purchase; there is no question as to the jurisdiction of the board of revenue in the building and maintenance of the public roads of the county; there is no question as to the value of the material furnished; and there is no doubt that the material having been furnished was used for a legitimate purpose and for the benefit of the county. All of these things are agreed to, but the county now claims and says, for the reason that the Board of Revenue made no notes or minutes of its action other than to sign the order, and because the filing of the account or claim was premature, we will not pay you. The law of this State will not permit any such action on the part of any of its subdivisions, in the absence of any evidence of misappropriation, misapplication, or fraud.

The principles involved in this case have been thoroughly discussed and settled in the case of Allen v. Intendant & Councilmen of LaFayette, 89 Ala. 641, 8 So. 30, 32, 9 L.R.A. 497, in which case, Mr. Justice McClellan, speaking for the court, thoroughly harmonizes the decisions of this State with the principles there announced to the effect: "that municipal corporations are liable to action of implied assumpsit with respect to money or property received by them and applied beneficially to their authorized objects through contracts which are simply unauthorized, as distinguished from contracts which are prohibited by their charters, or some other

law bearing upon them, or are malum in se, or violative of public policy."

The foregoing is the pioneer case on the subject there treated. Since that time, it has been recognized as announcing a great principle of justice as applied to all municipal corporations; and Mr. Justice Gardner in Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163, quoted at length from the foregoing decision, and cited other cases from the Supreme Court of Alabama reaffirming the doctrine obtaining in this State, as announced in the Allen case, supra.

Under the evidence as shown by the record, the plaintiff might have been entitled to a writ of mandamus. This point is not, however, raised or discussed in this record. In any event the plaintiff in the court below, under the evidence, was entitled to recover on the implied obligation to pay, and the Presiding Judge committed no error in giving at his request the general affirmative charge.

The judgment is affirmed.

Affirmed.