117 So.2d 145

**STATE of Alabama for Use of RUSSELL COUNTY, et al.,**

v.

**FOURTH NATIONAL BANK OF COLUMBUS, GA., as Executor, et al.**

4 Div. 980.

Supreme Court of Alabama.

Dec. 17, 1959.

Jas. H. Caldwell, Circuit Sol., Phenix City, for appellants.

138

Bowen H. Brassell, Phenix City, for appellees other than Greene.

Hill, Hill, Whiting & Harris and John O. Harris, Montgomery, for appellee Greene.

J. B. Parkman and the respondents Oscar E. Cole and Austin A. Dudley were members of the County Commission for Russell County, and authorized the alleged illegal payments to the respondents Davis and Greene, road contractors. Maryland Casualty Company was the surety on the official bonds of Parkman, Cole and Dudley.

Demurrer of the respondents other than Robert C. Greene was sustained on September 18, 1958. The amended demurrer of the respondent Robert C. Greene was sustained on September 30, 1958. The complainants took an appeal to this court on October 3, 1958. The certificate of appeal was filed here on October 31, 1958.

Submission in this court, on March 26, 1959, was on the merits, on appellants' motion for extension of time within which to file the transcript of the record in this court, on appellee Greene's objections to appellants' motion for extension of time, and on the motion of the other appellees to strike the transcript of the record.

Section 769, Title 7, Code 1940, provides that in equity cases the appellant shall file the transcript (full record) in the office of the clerk of this court within sixty days from the date of the taking of the appeal.

Revised Rule 37 of this court, Code 1940, Tit. 7 Appendix, as amended, reads:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; *except in equity cases the transcript shall be filed within sixty days of the taking of the appeal.* Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not

**LAWSON, Justice.**

This suit was instituted by the Solicitor of the Twenty-sixth Judicial Circuit in the name of the State of Alabama for the use and benefit of Russell County and in the name of Russell County against the Fourth National Bank of Columbus, Georgia, as executor of the estate of J. B. Parkman, deceased; Oscar E. Cole; Austin A. Dudley; C. A. Davis; Robert C. Greene, doing business as Valley Construction Company; and the Maryland Casualty Company.

In essence the purpose of the suit is to recover for Russell County monies alleged to have been illegally expended, the illegality consisting of the failure to advertise for bids for road construction performed on behalf of Russell County.

to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of the trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order." 263 Ala. XXI (Emphasis supplied.)

In regard to appeals submitted in this court prior to June 1, 1955, the effective date of the revised rules of this court, we construed § 769, Title 7, Code 1940, as not requiring the dismissal of an appeal from a decree in equity where the transcript was not filed here within sixty days from the date of the taking of the appeal if the transcript was on file and the cause ready for submission on the merits at the first call of the division from which the appeal came. McCoy v. Wynn, 215 Ala. 172, 110 So. 129; Hinson v. Cook, 241 Ala. 70, 1 So.2d 33; Collins v. Thompson, 259 Ala. 82, 65 So.2d 491; Franks v. City of Jasper, 259 Ala. 641, 68 So.2d 306. Submissions on brief as well as on oral argument were then taken at the calls of the several divisions and hence if the transcript was on file prior to the call of the division from which the appeal came, the failure to file the transcript within the sixty-day period did not work any delay.

But under our revised rules, in the absence of a request for oral argument, made in the manner provided, when briefs from all parties have been properly filed with the clerk of this court, the clerk must "immediately submit the case in term time upon the transcript and such briefs." Revised Rule 4; 261 Ala. XXI.

■ Hence, a failure to file the transcript within the sixty-day period under the revised rules could result in delay of the submission in this court. Therefore, the rule of the cases last cited above can have no application in determining whether the transcript has been timely filed within the meaning of Revised Rule 37, as amended. The mere fact that the transcript is on file in the office of the clerk of this court before the first call of the division from which the appeal comes will not operate to bar dismissal of the appeal where there has been a failure to file the transcript within the time prescribed in said Rule 37, as amended.

■ A transcript not filed in the office of the clerk of this court within the time prescribed in Revised Rule 37, as amended, will be stricken and the appeal dismissed where no extension of time for filing the transcript in this court has been obtained in the manner and within the time prescribed in that rule. Harbin v. O'Rear, 264 Ala. 190, 86 So.2d 279; Donahoo v. Kerns, 265 Ala. 24, 89 So.2d 270; Underwood v. Estes, 267 Ala. 406, 103 So.2d 18; Hornbuckle v. State, 268 Ala. 347, 105 So. 2d 864; Wanninger v. Lange, 268 Ala. 402, 108 So.2d 331.

This being an equity case and the appeal having been taken on October 3, 1958, the transcript was due to be filed here not later than December 2, 1958. It was not filed by that time.

On December 2, 1958, the solicitor and one of the attorneys who had appeared on behalf of the respondents other than Robert C. Greene, joined in filing a motion requesting the "court" to extend the time for filing the transcript in this court for a period of thirty days.

The attorney who had filed separate demurrer on behalf of the respondent Robert C. Greene did not join in the motion.

The circuit judge to whom the motion for extension of time was presented recused himself. He had filed demurrers on behalf of some of the respondents and was appointed circuit judge after the decrees sustaining the demurrers were entered.

Counsel for the parties not being able to agree on a special judge, the register appointed a special judge under the provisions of § 124, Title 13, Code 1940, to act on the motion for extension of time within which to file the transcript in this court.

On December 22, 1958, following a hearing on the petition to extend time for filing the transcript, the special judge entered two separate decrees, one of which appears to deny the petition in all respects. But when the two decrees are considered together, it is made to appear that the trial court in fact decreed that the time for filing the transcript be extended for a period of thirty days until, to wit, January 2, 1959, "as to all matters of an appeal between the complainant and the respondents except Robert C. Greene * * *" As to the respondent Robert C. Greene, the petition for extension of time within which to file the transcript in this court was denied.

The transcript was filed on December 24, 1958. On the same day the appellants filed a motion requesting this court "to grant to the appellants twenty-two days as additional time to and including the 24th day of December, 1958, (the date of filing of said record in this court) within which to file the transcript of the record with the Clerk of this Court, as to appellee, Robert C. Greene, doing business as Valley Construction Company; additional time as to the remaining five appellees have [sic] already been granted by the trial court."

It was on January 2, 1959, that the appellee Robert C. Greene, through his counsel, filed in this court his "objections to motion for an extension of time to file the transcript of the record." And on the same day the appellees other than Robert C. Greene filed in this court their motion to strike the transcript theretofore filed in this court on December 24, 1958, on the ground that the transcript was not filed within the time required by Supreme Court Rule 37, as amended, and on the further ground that a copy of the transcript served upon movants does not contain a copy of the assignments of error.

■ The appellees other than Robert C. Greene having consented to and in fact having asked for the order of extension, cannot be heard in this court to say that the transcript was not filed within the time required by Supreme Court Rule 37, as amended, when it was filed within the extended period of thirty days as decreed by the special judge in regard to said appellees.

■■ There is no requirement that the copy of the transcript served upon the appellee contain a copy of the assignments of error. Supreme Court Rule 1 provides that assignments of error shall be written or typed upon transcript paper and bound with the transcript and shall bear the certificate of appellant, or his counsel, that a copy of the same has been served upon the appellee or his counsel. The assignments of error in this case are typed upon transcript paper, which has been bound with the transcript of the record. The assignments of error are followed by a certificate of counsel who represents the appellants to the effect that counsel for all appellees were served with a copy of the assignments of error. This certificate complies in all material respects with the requirements of Supreme Court Rule 1. The contents of the certificate stand undisputed.

The motion to strike the transcript of the record filed by the appellees other than Robert C. Greene is overruled.

We come now to consider the appellants' motion or application to this court for an order extending the time for the filing of

the transcript so as to include December 24, 1958, the day on which the application and transcript were filed in the office of the clerk of this court.

■ The fact that the special judge refused to extend the time for filing the transcript does not affect our right to extend. Taylor v. Peoples Fertilizer Company, Ala., 117 So.2d 180.

■ The application for extension was filed in this court prior to submission on a petition in writing, of which counsel for appellees had more than ten days notice. Although such an application is properly filed here before submission of the appeal, our action on the application does not have to be taken prior to submission. City of Athens v. Cook, 269 Ala. 693, 113 So.2d 133.

■ We can extend the time for filing the transcript for as long as we deem proper under the circumstances of the particular case, since Supreme Court Rule 37, as amended, does not limit us in that respect. City of Athens v. Cook, supra.

Have the appellants shown good cause for the extension for which they pray?

We are of the opinion that this question should be answered in the affirmative.

Section 767, Title 7, Code 1940, provides:

"The register, clerk, or judge of probate, must, on the application of the appellant or his attorney, make and deliver to him in time to be returned to the appellate court, a full and complete transcript of the record and proceedings in the case, together with his certificate that the appeal was taken, and the time when, and when returnable, and the citation and a copy of the appeal bond, if any was given, with his certificate that it is a complete transcript of all the proceedings in the cause, and envelope and seal up the whole in a package directed to the clerk of the appellate court, or deliver to the attorney applying for the same;

and no costs shall attend or grow out of the trial and litigation of said cause other than are created and authorized by law."

The register secured the services of the court reporter to make up the transcript in this case. The court reporter did not begin work on the transcript until about fifteen days before the time the transcript was due to be filed in this court in the absence of an order of extension.

The court reporter did not finish his work until Tuesday, November 25, 1958, when he deposited the unbound transcript on the desk of the register. Neither the court reporter nor the register ever gave any formal notice to the solicitor that the transcript was completed for filing in this court. In fact, the transcript had not been bound on the day of the hearing of the motion which, as shown above, was on December 22, 1958.

Although he admitted that he did not notify the solicitor that the reporter had completed his work, the register states that it is his best recollection that the solicitor saw the transcript in its uncompleted state on the register's desk on Wednesday, November 26, 1958. The solicitor states that he did not see the transcript on that occasion.

According to the solicitor, he did not learn that the court reporter had finished his work on the transcript until Monday, December 1, 1958, at which time he was given a copy of the transcript bearing the register's certificate under date of November 25, 1958. The court reporter is not certain as to whether the solicitor made inquiry of him in regard to the transcript on Friday, November 28, or Monday, December 1, 1958. It seems clear to us, however, that the court reporter's conversation with the solicitor did not take place until Monday, December 1.

An appellant is under the duty of seeing that his appeal is perfected according to the requirements of the statutes and rules

of court. Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Wanninger v. Lange, supra.

■ But the attorney for the appellant should be able to secure the transcript from the clerk or register in ample time, consistent with his many other duties, to check the transcript and make proper assignments of error before the transcript is forwarded to the clerk of this court, if he so desires.

■ The register's office was closed for Thanksgiving on November 27. It was open until about 11 o'clock on Friday, November 28. The register was not in his office on the 28th but his wife and the court reporter were there. The register's office was closed on the following Saturday and Sunday.

It is undisputed that the attorney for appellant did not receive the transcript until December 1, the day before the transcript was to be filed here.

There are but two ends to be accomplished by the filing of the transcript within a certain time. One is to enable this court to dispose of its business with dispatch and in an orderly manner and the other is to give to the appellee an opportunity to examine the transcript and prepare his defense. Alabama Great Southern R. Co. v. Planters' Warehouse & Commission Co., 153 Ala. 241, 45 So. 82.

To grant the application for extension filed in this court would work a delay of only twenty-two days in the filing and since oral argument was requested no delay in submission of the case resulted. The right of the appellee Robert C. Greene to examine the transcript and prepare his defense under existing rules will not be adversely affected.

Accepting as true for present purposes the register's statement to the effect that the solicitor saw the transcript on the register's desk in its unbound state on Wednesday, November 26, 1958, we cannot view as unreasonable and without good cause the appellants' request for an extension of time within which to file the transcript here. The solicitor acted promptly in requesting the trial court to grant an extension of time and has not permitted the cause to be submitted in this court without requesting extensions as provided in Revised Rule 37, as amended.

We are of the opinion that an order should be entered to the effect that the time for filing the transcript be extended to include December 24, 1958, the day on which the transcript was filed here. It is so ordered.

It follows that the objection of appellee Robert C. Greene to the application for extension is overruled.

### On the Merits.

The right of the solicitor to institute the suit is not challenged inasmuch as it is based on an audit made by the State Department of Examiners of Public Accounts. § 19, Act 351, approved August 14, 1947, General Acts 1947, p. 231 (See 1955 Supplement to 1940 Code, where § 19 of Act 351 is designated as § 170(19), Title 55).

A suit for the recovery of public funds may be maintained on the equity side of the court without an averment of any special equity. §§ 74, 75, Title 7, Code 1940.

■ The officers involved, their sureties, and all other persons interested may be made parties in order that all equities may be worked out in one suit. Pickens County v. Williams, 229 Ala. 250, 156 So. 548.

The County Commission for Russell County was established by Act 520, approved August 30, 1949, Acts of Alabama 1949, p. 776, which act defines the duties and responsibilities of the Commission and provides that it shall have all the jurisdiction and powers which were vested in or which might be later vested in the County Commissions or Boards of Revenue or other similar governing bodies of this state.

The case made by the bill is substantially as follows: J. B. Parkman, Oscar E. Cole and Austin A. Dudley constituted the County Commission for Russell County from January 19, 1953, through January 14, 1957.

During that period of time Parkman, Cole and Dudley, in their official capacities, wrongfully and illegally used funds of Russell County in the amount of $1,166,437.21, in that they authorized the use of Russell County funds in such an amount in payment of claims filed by respondents Davis and Greene for work done on Russell County roads in accordance with contracts which Parkman, Cole and Dudley entered into with Davis and Greene, without a compliance with any of the provisions of § 54, Title 23, Code 1940, which section reads as follows:

"No contract where the estimated cost of the work shall exceed two hundred and fifty dollars shall be made except after advertisement for thirty days in some newspaper published in the county, describing the character of the work to be done and the time and place of letting, and then only to the lowest reasonable and responsible bidder for such work, who shall enter into bond in double the amount of such bid, conditioned for the proper performance of such contract according to the plans and specifications and within the time prescribed by the order of the court or board of such work, which bond shall be approved by the judge of probate of said county. Where the estimated cost of the work exceeds twenty-five hundred dollars, advertisement as above must also be made in a daily paper published in this state, of at least five thousand daily circulation once a week for thirty days. Such court or board shall have the right to reject any or all bids."

It is alleged that Davis received the sum of $1,097,098.52 and that Greene received the sum of $69,337.69.

The bill does not charge any of the respondents with fraud, nor is it alleged that the roads were improperly constructed or that Russell County suffered financially in any way as a result of the contracts being let without a compliance with § 54, Title 23, Code 1940, supra.

Section 54, Title 23, supra, is included in Article 3, Chapter 1, Title 23, Code 1940, which article relates to the "Establishment, Discontinuance, Working and Maintenance of Public Roads, Bridges and Ferries" by the governing bodies of the several counties of this state.

The provisions of that section became a part of the law of this state in § 11, Act 505, approved September 22, 1915, General Acts 1915, p. 573. The title of the said 1915 Act reads: "To provide for the establishment, discontinuance, construction, use, working and maintenance of the public roads, bridges, and ferries of the several counties of this State; to define the duties and powers of the boards of revenue, courts of county commissioners, or other governing bodies of each of the several counties with regard to same; and to fix penalties for the violation of the rules, regulations and laws of the boards of revenue, courts of county commissioners or other like governing bodies of the several counties."

█ The provisions of § 54, Title 23, supra, are operative in all cases within their purview where they are not in conflict with an existing special or local law applicable to the county concerned. Stone v. State ex rel. Jett-Muths Const. Co., 204 Ala. 13, 85 So. 443. The 1949 Local Act, supra, which created the County Commission for Russell County contains no provision with respect to the manner of letting contracts. It provides in effect that the general laws applicable to county governing bodies, not in conflict with that Act, are applicable to the County Commission for Russell County.

The enforcement of a contract for the construction of roads entered into without a compliance with the provisions of § 54, Title 23, may be enjoined. Dunn Const. Co. v. White, 209 Ala. 460, 96 So. 444. Cf. Van Antwerp v. Board of Commissioners of City of Mobile, 217 Ala. 201, 115 So. 239.

But we are not here concerned with an effort to enjoin the execution or enforcement of a contract.

Here the roads have been constructed. The contractors have been paid. For aught appearing in the bill, the roads were properly built and the contractors received no more than the reasonable value of the services, materials and labor furnished. The bill does not allege that the county has lost one cent as a result of the construction of the roads under negotiated contracts.

Under such circumstances, can the county recover from the respondents the monies so paid the contractors?

We have found no Alabama case where this concrete question was presented, nor have we found an Alabama case which treats the right of a contractor to maintain a suit against a city or county to recover for public improvements made or installed under a contract not let in accordance with provisions similar to those included in § 54, supra.

There are cases to the effect that even though the contract for public improvements has been completed, if the contract was made in violation of a law providing for the letting of contracts to the lowest bidder, a suit may be maintained to restrain the paying out of public monies upon such contracts. Robert G. Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14, 69 A.L.R. 689; Anderson v. Fuller, 51 Fla. 380, 41 So. 684, 6 L.R.A.,N.S., 1026.

Other cases hold that under such circumstances the monies paid out may be recovered. Miller v. McKinnon, 20 Cal.

2d 83, 124 P.2d 34, 140 A.L.R. 570; Wester v. Belote, 103 Fla. 976, 138 So. 721.

The Florida cases cited above are not referred to in City of Punta Gorda v. Eureka Fire Hose Mfg. Co., 117 Fla. 614, 158 So. 128, where the Supreme Court of Florida upheld the right of the Fire Hose Company to recover on the common counts a balance due for fire hose purchased by the City under contracts made without competitive bids. In that case the Florida court said:

"That the contract for the purchase of the goods was invalid would not preclude the vendor from maintaining a suit to collect an amount equal to the value of the goods. The municipality may not receive plaintiff's goods and use them, pay a part of the purchase price, and then refuse to pay the balance upon the mere ground that the contract for the purchase was ultra vires." 158 So. 129.

The prevailing rule may be that where there has been a failure to comply with a competitive bid statute, there can be no recovery by a contractor or a furnisher of supplies or materials to a public agency, either on the contract or on a theory of implied contract or quantum meruit, or upon a basis of estoppel or upon the doctrine of unjust enrichment or upon any other equitable ground or consideration. 10 McQuillin on Municipal Corporations, 3d Ed. (1950), § 29.26, pp. 258–259, § 29.41, p. 288; Los Angeles Dredging Co. v. City of Long Beach, 210 Cal. 348, 291 P. 839, 71 A.L.R. 161; Johnson County Savings Bank v. City of Creston, 212 Iowa 929, 231 N.W. 705, 237 N.W. 507, 84 A.L.R. 926; Sanitary District of Chicago v. McMahon & Montgomery Co., 110 Ill.App. 510; McBrien v. City of Grand Rapids, 56 Mich. 95, 103, 22 N.W. 206; Sadler v. Board of County Commissioners of Eureka County, 15 Nev. 39; Parr v. Village of Greenbush, 72 N.Y. 463; Addis v. City of Pittsburgh, 85 Pa. 379; Burgess v. City of Cameron, 113 W.Va. 127, 166 S.E. 113, 703; City and County of Denver v. Moorman, 95 Colo. 111, 33 P.

2d 749; United States Rubber Co. v. City of Tulsa, 103 Okl. 163, 229 P. 771.

However, other cases have allowed recovery on implied contract or quantum meruit where the services, labor or material have been performed and accepted by the public agency notwithstanding noncompliance with a statute requiring that contracts should be let only after competitive bidding. City of Punta Gorda v. Eureka Fire Hose Mfg. Co., supra; Abrams v. City of Seattle, 173 Wash. 495, 23 P.2d 869; Village of Pillager v. Hewett, 98 Minn. 265, 107 N.W. 815; Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627; East Texas Const. Co. v. Liberty County, Tex.Civ.App., 139 S.W.2d 669; Capital Bridge Co. v. County of Saunders, 164 Neb. 304, 83 N.W. 2d 18; Yuma County v. Hanneman, 42 Ariz. 561, 28 P.2d 622; Gamewell Company v. City of Phoenix, 9 Cir., 216 F.2d 928, 940.

We are of the opinion that the rule of the cases last cited above is in accord with the rule of our cases which have treated generally with the question as to whether recovery may be had from a city or county in an action in quantum meruit for service performed or material furnished.

▇▇ In summary, we find that the Alabama law pertinent to this type of case is that where the contract was not within the corporate power, expressly prohibited by law, or violative of public policy, no recovery may be had either on express contract or quantum meruit. Bluthenthal & Bickert v. Town of Headland, 132 Ala. 249, 31 So. 87; Kelly v. Burke, 132 Ala. 235, 31 So. 512; Meyer-Marx Company v. Mayor and City Council of Ensley, 141 Ala. 602, 37 So. 639; Greil Brothers Co. v. McLain, 197 Ala. 136, 72 So. 410; Town of Cottonwood v. H. M. Austin & Co., 158 Ala. 117, 48 So. 345; Escambia County v. Dixie Chemical Products Co., 229 Ala. 287, 156 So. 631; McGehee v. Lindsay, 6 Ala. 16; Moody v. Terrell-Hedges Co., 16 Ala.App. 441, 78 So. 639, certiorari denied 202 Ala. 444, 80 So. 828.

But where the power to contract lies within the competence of the city or county, and there has been an irregular exercise of that power, recovery in quantum meruit may be had although the express contract is void. General Electric Co. v. Town of Fort Deposit, 174 Ala. 179, 56 So. 802; Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163; City of Mobile v. Mobile Electrical Supply Co., 6 Ala.App. 131, 60 So. 426; Morgan County v. Money, 28 Ala.App. 514, 189 So. 773, certiorari denied 238 Ala. 149, 189 So. 775. See Allen v. Intendant and Councilmen of La Fayette, 89 Ala. 641, 8 So. 30, 9 L.R.A. 497; Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823; Brown v. Tuskegee Light & Power Co., 232 Ala. 361, 168 So. 159.

The general power to construct and maintain roads was within the competence of the County Commission for Russell County. There was an irregular exercise of that power which under our cases would not defeat recovery in quantum meruit for services and material furnished where the transaction was made in good faith. As we have heretofore indicated, there is no averment of fraud, collusion, peculation or improvidence.

▇▇ If the contractors could have recovered in quantum meruit for the reasonable value of the labor and materials furnished by them, as we have indicated, it follows that the County cannot succeed in this suit to recover a sum equal to the amount of money paid to the contractors Davis and Greene. See Tobin v. Town council of Town of City of Sundance, 45 Wyo. 219, 17 P.2d 666, 84 A.L.R. 902.

We are of the opinion that the demurrers to the bill were properly sustained and that the decrees of the trial court should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.