135 So.2d 812

**COUNTY BOARD OF EDUCATION OF COFFEE COUNTY et al.**

**v.**

**CITY OF ELBA.**

**4 Div. 89.**

Supreme Court of Alabama.

Dec. 21, 1961.

Joe C. Cassady, Enterprise, for appellants.

Fleming & Stephens, Elba, for appellee.

MERRILL, Justice.

This appeal is from a final decree in a declaratory judgment suit, denying relief sought by the County Board of Education of Coffee County against the City of Elba.

The bill sought to have a written contract, executed on August 12, 1947, enforced between the parties. According to the contract, the County Board of Education issued $70,000 worth of warrants for the construction of a gymnasium and cafeteria at the Elba school and the city was to repay the board $500 per month for a period of 16 years, covering principal and interest totaling $96,000. The city was to levy an additional gasoline tax which was pledged for the repayment to the Board of Education. The tax was levied and the city paid $500 each month until April, 1953, and since that time has not paid anything.

Some testimony was taken and it was stipulated that the assessed valuation of property within the City of Elba on the date of the contract sued upon was $1,025,-646, and that the indebtedness of the city at that time was $17,000, which together with the indebtedness caused by the contract with the Board of Education would exceed the city's constitutional debt limit. The trial court denied relief, being "of the opinion that the agreement was entered into in violation of Section 225 of the 1901 Constitution, is therefore void, and that the Complainant is not entitled to enforce the same."

Appellants' assignments of error raise three points, the first being that the court erred in holding the contract to be violative of Sec. 225 of the Constitution of 1901. That section prohibits municipalities from becoming indebted in excess of

certain percentages of the assessed property in the municipality.

The case of Taxpayers and Citizens v. Town of Georgiana, 265 Ala. 654, 93 So. 2d 493, 497, is dispositive of the question. There, we said:

"'If the fund from which the obligations are to be paid is to be created by the levy of a tax under the general power of taxation vested in the municipality, although the contract stipulates that no general indebtedness for the stipulated amount shall be created against the city, and that the only obligation undertaken by the city is to levy, anticipate, and pledge the tax agreed to be imposed, indebtedness is created, and the contract is void if the existing indebtedness of the municipality has been reached.' 1 Dillon, Municipal Corporation, 5th Ed., § 198, p. 370.

"We here observe that the wisdom of fixing an arbitrary debt limitation beyond which a city may not go, even for undertakings of universal appeal, such as hospitals, is not for this court to question. To hold that the debt limitation applies only when there is a pledge of existing tax revenue, and not when merely a potential source of tax revenue is pledged, would destroy the basic purpose of the debt limitation provision and would permit an obvious evasion of it. An existing tax revenue, by the simple expedient of repealing it, could then be made available for pledging as a potential source. We hold that whether the tax pledged is from existing or potential tax revenues is immaterial."

Appellants rely upon the bridge cases and a statement in Wharton v. Knight, 241 Ala. 218, 2 So.2d 310. The statement and the bridge cases are considered in the concluding paragraphs of the Georgiana case. The statement was held not "authoritative or controlling" and the bridge cases were held to be "distinguishable" from that case, which is similar to the instant case.

Under the agreed stipulation that the debt to the appellants caused the appellee to exceed its debt limit, and under the authority of the Georgiana case and authorities there cited, we hold that the agreement was void because it was made in violation of Sec. 225 of the Constitution of 1901.

■ Appellants contend that even though the agreement be void, the City of Elba is estopped to deny the validity of the contract sued upon, because the appellants issued the bonds, paid for the building of the school facilities and has performed all of its part of the agreement.

This contention is answered adversely in City of Birmingham v. Lee, 254 Ala. 237, 48 So.2d 47, 55, in the following language:

"* * * It is sufficient to say that the principle of estoppel applicable to individuals is not applicable to the State or its municipal subdivisions or to state created agencies. Such bodies cannot be estopped by doing that which they had no authority or right to do. Sidney Spitzer & Co. v. Monroe County, D.C., 274 F. 819. Persons dealing with agencies of government are presumed to know the legal limitations upon their power and cannot plead estoppel on the theory that they have been misled as to the extent of that power. City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816. No person can claim to have altered his position for the worse by acts or promises which the law warns him he must not depend upon. Whitfield v. Hatch, 235 Ala. 38, 177 So. 149."

We have been cited to no case which applies estoppel where the municipality had entered into a contract which involved the violation of a provision of the State Constitution.

■ Appellants' final contention is that appellants should be allowed to recover under the quantum meruit theory.

Our most recent and comprehensive case dealing with the quantum meruit theory is State of Alabama for Use of Russell County v. Fourth National Bank of Columbus, Ga., 270 Ala. 135, 117 So.2d 145, 154, where we said:

"In summary, we find that the Alabama law pertinent to this type of case is that where the contract was not within the corporate power, expressly prohibited by law, or violative of public policy, no recovery may be had either on express contract or quantum meruit. (Citing cases.)

"But where the power to contract lies within the competence of the city or county, and there has been an irregular exercise of that power, recovery in quantum meruit may be had although the express contract is void. (Citing cases.)"

One of the cases cited in the opinion under the first principle is that of Moody v. Terrell-Hedges Co., 16 Ala.App. 441, 78 So. 639, certiorari denied 202 Ala. 444, 80 So. 828. There, Jackson County entered into a contract for the installation of light fixtures in the courthouse and they were installed. At the time of the installation, the county was indebted beyond its constitutional debt limit. The Court of Appeals held that the constitution fixes the public policy of the state, and the contract, "being in violation of the public policy of the state, was illegal and void, and the petitioner acquired no rights under it." ·We denied certiorari in an opinion in which the majority stated that "the decision of the Court of Appeals was correct and should be affirmed."

Appellants cite cases under the second proposition, quoted from State of Alabama for Use of Russell County v. Fourth National Bank of Columbus, Ga., 270 Ala. 135, 117 So.2d 145, but they apply to noncompliance with statutes or ordinances, not constitutional provisions. We also note that the Court of Appeals in the Moody ·case, supra, considered, but did not follow,

the same cases cited to us in brief by appellee.

We find no reversible error in the decree of the lower court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.