R. E. OLDS and TRUMAN N. NEWBERRY v. DEAN ALVORD, *et al.*

183 So. 711

ON REHEARING

*Opinion Filed October 11, 1938.

*Edgar John Phillips, Harry L. Thompson* and *J. Tweed McMullen,* for Appellants;

*Baskin & Jordan, D. G. Haley* and *Mabry, Reaves, Carlton & White,* and *Milam, McIlvaine & Milam,* for Appellees.

*W. B. Dickenson, W. B. Dickenson, Jr., Paul Lake, Giles J. Patterson* and *Storey, Thorndike, Palmer & Dodge,* of Boston, Mass., as *amici curiae.*

PER CURIAM.—The Court having heard full argument on the Petition for Rehearing in this cause, each Justice adheres to his views as expressed in the opinion heretofore filed; and therefore, the Court stands equally divided as to whether or not the decree appealed from should be affirmed or reversed.

So the rehearing is denied.

ELLIS, C. J., and TERRELL and CHAPMAN, J. J., concur.

WHITFIELD, BROWN and BUFORD, J. J., dissent.

*See page 221 of this Report for original opinion, filed on March 29, 1938.

BUFORD, J.—In this case we have under consideration a motion for rehearing which has heretofore been filed and, by order of the Court, has been submitted on oral argument pursuant to an order of affirmance rendered because of an equal division of the Justices of this Court on the question as to whether the decree appealed from should be affirmed or reversed.

I am in favor of granting the petition for rehearing for the following reasons:

First. I think because of the fact that an affirmance of the decree has the effect of setting at naught a final decree of a court of competent jurisdiction validating Bonds and holding them to be the valid and binding obligations of the municipality issued for a public municipal purpose for which public purpose the municipality was vested with power to issue bonds. Whether or not such bonds were issued for a public municipal purpose, and not otherwise, was a question of fact necessarily presented in and required to be determined in the validation proceedings which question was determined, whether rightly or wrongly, in that proceeding and thereupon became forever set at rest by that solemn judgment of the Court. There are two questions which the Court must determine in bond validation proceeding: one is a question of fact, viz.: whether or not the bonds are issued for a public municipal purpose for which bonds of such character may be issued; the other is one of law, viz.: whether or not the municipality has exercised the power to issue such bonds in the manner authorized by statute. If the Court adjudicates either question contrary to what the adjudication should be, such adjudication is erroneous but when it has become absolute by the running of time it is a final judgment and all parties to the cause are forever bound by it. The adjudication of the fact that the bonds are issued for a public municipal

purpose, and not otherwise, is necessarily one required to be determined in every bond validation proceeding because without such determination the bonds could not be adjudicated to be the valid and binding general obligations of the municipality. The municipality, its taxpayers and the State of Florida were all parties to the validation proceeding and each and all had their day in court and each and everyone of such parties and their successors in interest became and were forever bound by every *adjudication of fact* determined in and by the decree of validation. Upon the full faith and credit of that decree of validation the bonds have been purchased and property rights, to-wit: the right to enforce the payment of those bonds and the interest thereon by municipal taxation, has been established and acted upon for many years by those who have invested their money in such bonds so solemnly adjudicated to be the general obligations of the municipality.

The only question involved in this proceeding is the same question of fact which was one of the fundamental questions determined, and *necessarily* determined, in the validation proceedings, viz.: Were the bonds issued for a public municipal purpose, or as appellees contend, for a private purpose? If this adjudication of fact may be relitigated, then any question of fact necessary to the rendition of any judgment may be relitigated at any time, an affirmative judgment to the contrary notwithstanding, and judgments lose all their time-honored and ever-sustained character of finality.

Second. In all cases where we have disposed of causes here on orders of three-to-three affirmance, we have based such disposition upon the grounds that a majority of the Court could not agree upon an affirmative disposition of the cause and that there existed no prospect of an immediate or early change in the personnel of the Justices of the

348

Court. The latter condition does not now obtain. We all now know and it has been made known since last December that there is a strong probability, if not a certainty, that there will be, in the very near future, a change in the personnel of the Court by the voluntary retirement of one of its most able and distinguished Justices. With this fact confronting it, I doubt that this Court is now justified in denying a petition for rehearing of a case which stands upon the docket for final disposition pursuant to an order of affirmance entered because the members of the Court appear to be unalterably equally divided in opinion as to the controlling law of the case.

Therefore, I think the petition for rehearing should be granted.