R. E. Olds, and Truman H. Newberry v. Dean Alvord, *et al.*

188 So. 652.

Opinion Filed December 6, 1938.

*Edgar John Phillips, Harry L. Thompson* and *J. Tweed McMullen,* for Appellants;

*Baskin & Jordan, D. G. Haley, Mabry, Reeves, Carlton, & White* and *Milam, McIlvaine & Milam,* for Appellees.

*Dickenson & Dickenson, Hull, Landis & Whitehair* and *Storey, Thorndike & Dodge (Boston, Mass.)* as *amici curiae.*

Per Curiam.—A motion has been made for leave to file an extraordinary petition for a rehearing of this cause wherein a decree of the Circuit Court was rendered upon the Circuit Judge's understanding of the meaning and effect of an opinion of this Court in another suit involving a similar question of law, and the decree so rendered was affirmed here by an evenly divided Court and a rehearing denied at this term by an evenly divided Court.

In the previous case of State v. Town of Belleair, 125 Fla. 669, 170 So. 434, a decree of the Circuit Court validating

refunding bonds' was reversed here by a three to two decision, one Justice not participating.

In this case the Circuit Judge, in rendering the decree herein, stated:

"Were it not for the fact that these identical bond issues were before the Court in the case of State, *et al.,* v. Town of Belleair, *supra,* this Court would be impelled toward a different ruling and one more consonant with the opinion or at least this Court's interpretation of the opinion of our Supreme Court in the case of State, *ex rel.* Rogers, *et al.,* v. Walthall, Mayor, *et al.,* 170 So. 115, opinion by Mr. Justice DAVIS. It must be borne in mind that these bonds' were validated by decree of the Circuit Court, which validation proceedings the Court, for the purpose of this opinion, assumes to be valid and deems a determination of the validity of such proceedings unnecessary."

The decree herein was rendered upon the theory that it followed the opinion in State v. Town of Belleair, 125 Fla 669, 170 So. 434, *supra,* and it was affirmed by this Court in a three to three order. Two of the three Justices who rendered the decree of reversal in the Belleair case above cited, voted for a reversal of the decree in this case upon the ground that such decree is contrary to previous decisions of this Court in other cases in which all the Justices concurred.

The effect of the order affirming the decree appealed from in this case by an evenly divided Court and the denial of a rehearing by an evenly divided Court, is to make the decree rendered by the Circuit Judge the ultimate law of this case, when such decree of the Circuit Court is shown by the record not to be the judicial opinion of the Circuit Judge who rendered the decree, but is a desire and an intent of the Circuit Judge, in rendering the decree appealed from, to follow a decision of this Court rendered by three mem-

bers thereof, when two of such three members have a different opinion of the decision followed by the Circuit Judge and when the decree now affirmed is by an evenly divided court. Such a disposition of this cause, which is a class suit purporting to be binding upon many persons not parties to the suit, should not be allowed to become final by refusing a rehearing when there has been a change in the personnel of this Court since the affirmance by an evenly divided Court, and there may be no other means of obtaining a majority decision of the cause except by granting a rehearing of the cause before this Court as a body including the new member of the Court. If on hearing granted the result remains the same because of a continued evenly divided opinion of the members of this Court as to the disposition of the cause, then this Court will have done all it can do in the premises.

A rehearing has been granted in Dade County v. Kerce, where the affirmance was on a three to three division of the Court before the recent change in the personnel of the Court. And the mandate was recalled and a rehearing granted in Helton v. State, where the affirmance was by an evenly divided Court before the recent change in the personnel of the Court. A rehearing has also been granted in Rorick v. Chancy where the affirmance was by an evenly divided court.

Rehearing granted and mandate recalled.

WHITFIELD, BROWN and BUFORD, J. J., concur.

TERRELL, C. J., and CHAPMAN, J., dissent.