### BROWNELL v. CITY OF ST. PETERSBURG.

#### No. 2700.

District Court, S. D. Florida, Tampa Division.

May 9, 1941.

---

[1] No opinion for publication.

1004

J. Carl Lambdin, of St. Petersburg, Fla., for plaintiff.

Carroll R. Runyon, City Atty., of St. Petersburg. Fla., for defendant.

BARKER, District Judge.

There seems to be no controversy as to the pertinent facts of this case.

Mr. Spencer Brownell, plaintiff, sometime during the month of March, 1925, requested the Director of Public Utilities of the City of St. Petersburg, a Mr. Ludwig, to install water and gas mains in the subdivision belonging to the plaintiff, said subdivision being commonly known as "Broadmoor". Mr. Ludwig, acting in his capacity as Director of Public Utilities of the City, agreed to install said mains but only on condition that plaintiff advance the cost of same, the sum of $8,304.

Mr. Ludwig, in oral conversation with the plaintiff, promised that the City of St. Petersburg, the defendant in this cause, would refund the said monies paid by Mr. Brownell to the City in from one to three years from the date of the deposit of same.

Mr. Brownell, thereupon, returned to his home in Oswego, New York, and from there transmitted to the Finance Department of the City a letter under date of July 22, 1925, enclosing draft in the sum of $8,304, stating in said letter that the afore-

said sum was to be returned to him in from one to three years. In reply to said letter, R. E. Ludwig, under date of July 25, 1925, sent the following letter:

"Mr. Spencer Brownell,
"11 W. Bridge Street,
"Oswego, New York.
"Dear Sir:

"We acknowledge receipt of your letter of the 22nd inst. enclosing check for $8,-304.00 to cover gas and water extensions in Broadmoor Sub-division on West Central avenue, as per previous negotiations, and we herewith enclose receipts from the Director of Finance as follows:

"Receipt No. 25636—$5,708.00, Water Main extension
" " 25637—$2,596.00, Gas Main extension

"These amounts refundable in from one to three years from date of payment, without interest. This is understood to. mean, that at our option we can refund the amounts advanced by you within the period of from one to three years.

"The material for this work will be ordered promptly and the work done at an early date, which we trust will be satisfactory.

"Yours very truly
"R. E. Ludwig
"Director of Public Utilities."
and enclosed in said letter the following receipts:

"No. 25636 City of St. Petersburg
 "St. Petersburg, Fla. 7–25–25

 "Spencer Brownell

"Lot ——— Block ———
"Sub-Div. ———
"Water main extension in Broad-
 moor Sub. 5708.00
"To be refunded in one to three
 years without interest.

"Received Payment · Total 5708.00
 "S. S. Martin
 "T. M. Director of Finance."

"No. 25637 City of St. Petersburg
 "St. Petersburg, Fla. 7–25–25
"Lot ——— Block ———
"Sub-Div. ———
"Gas Main extension in Broad-·
 moor Sub. 2596.00
"To be refunded in one to three
 years without interest.

"Received Payment Total 2596.00
 "S. S. Martin
 "T. M. Director of Finance."

Mr. R. E. Ludwig thereupon proceeded to install said water and gas mains in substantial compliance with the terms of his agreement with Mr. Brownell.

On July 10, 1928, Mr. Brownell, by letter addressed to Mr. Ludwig, requested the return of the $8,304 and later, on August 13, 1928, August 29, 1928, and September 14, 1928, requested the return of the money he had advanced. On September 21, 1928, the Director of Finance of the City of St. Petersburg, wrote Mr. Brownell, refusing to pay said sum on the ground that the City Commission of the City of St. Petersburg had not incurred this liability.

Sometime after the refusal on the part of the Director of Finance and the City to pay this money to Mr. Brownell, he returned to the City of St. Petersburg and at an informal discussion of this matter with some members of the City Council, was again refused payment.

On the 24th of March, 1931, Mr. Brownell instituted this suit.

Plaintiff's original declaration consisted of the common counts, together with one special count. The special count in said declaration was stricken by order of the court. Plaintiff thereupon filed an amended declaration, containing five common counts and one special count, the said special count in the amended declaration being upon proper proceedings stricken by the. court. To the remaining common counts, the defendant entered pleas of:

1. That it never was indebted as alleged.

2. That it never promised as alleged, together with seven special pleas, said special pleas denying power or authority in the Director of Public Utilities to execute a binding contract on the part of the City and denying that said money was expended for the use and benefit of the defendant, and alleging that· defendant had received no benefit from the said expenditure and likewise pleading the statute of limitations.

To said pleas of the defendant, the plaintiff filed a demurrer, motion to strike, and replication. By stipulation of counsel, trial by jury was waived and upon the pleadings as above set forth, this cause was set for trial.

Upon said trial before this court, the plaintiff orally withdrew his demurrer and motion to strike to the defendant's pleas, whereupon the defendant offered a demurrer and a rebutter to said replication.

The plaintiff, through his counsel, then asked and received permission of the court to withdraw his replication and the case thereupon became at issue on declaration and pleas.

This cause thereupon coming before this court to be tried, trial by jury having been waived by stipulation of counsel, and the court having heard the testimony and being fully advised in the premises, and after due consideration thereof, makes these its findings of fact and conclusions of law, as follows:

### Findings of Fact.

The court finds as a matter of fact:

1. The court finds that the plaintiff, Spencer Brownell, transmitted to the Finance Department of the City of St. Petersburg on July 22, 1925, the sum of $8,304.

The Court further finds that the said sum of $8,304 was duly received by the Finance Department sometime between the 22nd day of July, 1925 and the 25th day of July, 1925.

2. The court further finds that the said money was advanced by Spencer Brownell to the City of St. Petersburg pursuant to an oral agreement by and between plaintiff, Spencer Brownell, and one R. E. Ludwig, the Director of Public Utilities of the City of St. Petersburg, Florida, in which said oral agreement, Mr. Ludwig, as Director of Public Utilities of the City of St. Petersburg, promised and agreed on the part of the City of St. Petersburg that the said City would refund to Mr. Brownell the said sum so paid by him to the City within one to three years from the receipt of said money.

3. The court further finds that plaintiff asked for and requested Mr. Ludwig, as Director of Public Utilities of the defendant, City, to install said improvements and that said improvements so requested by plaintiff were duly installed by the City of St. Petersburg under the direction of the said R. E. Ludwig in substantial compliance with the terms of his agreement with Mr. Ludwig and duly installed upon the property owned by the plaintiff, to wit: Broadmoor Subdivision.

4. The court further finds that the improvements so installed upon Broadmoor Subdivision, then being the property of the plaintiff, were of substantial benefit to plaintiff, Spencer Brownell.

5. The court further finds that said improvements were of no practical benefit to the defendant, City of St. Petersburg, and were not at the time of their installation, or are they now, a financial asset of the City.

### Conclusions of Law.

The court concludes as a matter of law:

1. That there was no ratification of the oral agreement between plaintiff and R. E. Ludwig by any act of any person or persons having power and authority under the Charter of the City of St. Petersburg to ratify the said agreement.

2. That there has not been shown any act or acts on the part of the defendant, City, or the governing body of said City that constitute an estoppel on the part of the defendant.

3. That Mr. Ludwig, as Director of Public Utilities of the City of St. Petersburg, had no power or authority under the Charter of the City of St. Petersburg or otherwise, to bind the defendant, City, to this oral agreement made with plaintiff and that said agreement was contrary to the terms of the City Charter of the City of St. Petersburg in force at the time said agreement was made.

4. That the said agreement made and entered into between the plaintiff and R. E. Ludwig, as Director of Public Utilities, of the Department of Utilities of the defendant, was contrary to and in violation of the terms and conditions of both the Charter Acts of the City of St. Petersburg for the years 1913 and 1923; the court, therefore, not determining it necessary to decide the question of which of the two charter acts of said City was in effect at the time of said agreement.

### Opinion.

From the foregoing it becomes at once evident that there is no express contract for the re-payment of the monies advanced by plaintiff, Spencer Brownell, to the defendant, City, the only question involved being whether or not Mr. Brownell in advancing this money may be said to have a contract implied at law for the re-payment of said sum.

There has been a considerable amount of law, especially in recent years, written on quasi or implied contracts and there are a number of apparently conflicting decisions. However, it seems that the one underlying principle in all these

cases is that the doctrine of implied liability is based primarily upon a benefit flowing to the person sought to be charged upon said implied contract or as some courts describe it, an unjust enrichment on the part of the party against whom relief is sought. The courts in most instances apply equitable principles even though the action may be technically an action at law.

■ It seems, therefore, that in order for this court to hold that a contract implied at law exists between plaintiff and the defendant it will be necessary for the court to find that the defendant has received a benefit or has been unjustly enriched for which said benefit and unjust enrichment the defendant is in equity and good conscience bound to make compensation to the plaintiff. The court is unable to so find.

There is no showing that the defendant, City itself, desired these water and gas mains installed or that they would ever have installed the mains in this particular part of the City, which has been shown to be an outlying section. There is no testimony before this court to show that the defendant received any benefit by the installation of these mains. On the contrary, there has been evidence adduced to show that these mains have been a distinct liability to the defendant, City. Further there has been no testimony offered that could enable this court to find that said mains were likely to become a future benefit to the City and it would be purely conjecture to assume that they ever would. On the other hand, the evidence discloses that plaintiff asked for the installation of these mains and likewise that the plaintiff has been benefitted by this installation. Even without the testimony of the plaintiff himself that the said mains would enhance the value of his subdivision, the court would be warranted in taking judicial knowledge that this fact would necessarily result. The plaintiff was subdividing his property evidently for profitable resale and it is well known that building lots without water and gas connections are not nearly so desirable or saleable as building lots readily accessible to gas and water.

■ The Charter provisions of the City of St. Petersburg clearly do not vest in the Director of Public Utilities any power to contract for or on behalf of the City. The Charter provisions limiting the power of City officials must be construed for the protection of the inhabitants of the City against the possibility that City officials may dissipate or engage in reckless expenditures of public monies to the great harm of the taxpayer and inhabitants of a municipality. It is, therefore, the opinion of this court that there has not been a sufficient showing of benefit to the municipality to warrant this court in holding the City obligated on implied contract.

■ Plaintiff has contended that the defendant has ratified this agreement made by Mr. Ludwig, its Director of Public Utilities, and also contends that the City is estopped to deny this contract. Neither estoppel nor ratification has been shown by the testimony before this Court. On the contrary, the evidence discloses that on the first instance this agreement was made known to members of the City Commission charged with the duty of making the contracts for the City, they denied that said City was liable and refused payment to the plaintiff.

There likewise has not been shown any act or acts on the part of the defendant that could be construed to effect an estoppel on the part of the defendant nor has estoppel been properly pleaded.

There were questions asked a witness not qualified to answer as to whether or not these gas and water mains were set up in the capital accounts or were part of the capital structure of the defendant, City. There has not been any evidence adduced by the books or records of the City of St. Petersburg that this amount was so carried. Even had it so been shown there is still no evidence that same was so carried by order of the governing authority of the City of St. Petersburg or was considered by the governing authority of the City, the City Commission of the City of St. Petersburg, as a capital asset or as a part of the capital structure of said City. Certainly this could not be ratification or estoppel.

The defendant also has raised by proper plea the defense of the statute of limitations and this being an action in quantum meruit on the common counts, the Court believes this defense to be good.

■ When the plaintiff paid to defendant, City, the amount of $8,304, he received from said City two receipts issued by the Department of Finance, signed in the name of the Director of the Finance Department but signed by some employee

of said Department. Although these receipts contained inscriptions "refundable in from one to three years", they do not constitute an express contract between plaintiff and the defendant, City. These receipts are not in such form as to even purport to be a contract and certainly were not such an instrument as to justify reliance on the part of the plaintiff that he had a written or express contract with the City of St. Petersburg for the re-payment of this money.

 There was a duty on the plaintiff in dealing with Mr. Ludwig and in accepting these receipts to ascertain the authority of the person with whom he was dealing to bind the City. It was his duty to have ascertained whether or not the receipts he held were such as to be a binding obligation upon the part of the City. It is, therefore, the opinion of this court that the statute of limitations began to run against any claim the plaintiff may have had against the City for the re-payment of these monies advanced by him from the date upon which these monies were paid to the City. As the court has already determined the date of this payment was sometime between the 22nd day of July, 1925, and the 25th day of July, 1925. This action not being instituted by the plaintiff until the 24th day of March, 1931 and the three-year statute of limitation being applicable, the plaintiff's claim is barred by the statute of limitations.

Although the ownership and right of possession of said gas and water mains that were installed in Broadmoor Subdivision is not technically before this court, I deem it, however, only right and proper that I should incorporate in this opinion my conclusions on this matter.

 The plaintiff in this cause has been successful in tracing the monies advanced by him into the construction of the gas and water mains in Broadmoor Subdivision. There has been no showing that any of the funds of the City of St. Petersburg were used in the construction of these mains. It, therefore, seems only right and proper and certainly good equity that this court should conclude that title and right of possession of these mains remain in plaintiff, Spencer Brownell. It seems to this Court that Mr. Ludwig, as Director of Public Utilities of the City of St. Petersburg, can well be said to have been acting as the agent of Mr. Brownell in installing these mains and that the defendant, City, in possession of this money, was in possession of same in the nature of a trustee to apply the said monies to the purpose for which said monies were paid to the City; namely, to install the said water and gas mains in Broadmoor Subdivision. This, I believe, follows the underlying principle promulgated in the case of Nuveen v. Board of Public Instruction, 5 Cir., 88 F.2d 175.

This Court, therefore, finds that there was no implied contract existing between plaintiff and defendant and that the plaintiff's claim is barred by the statute of limitations. I, therefore, find for the defendant and against the plaintiff. Let judgment issue in accordance with this finding.