## OLDS v. TOWN OF BELLEAIR.
### No. 9766.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1941.

Rehearing Denied July 2, 1941.

Giles J. Patterson, of Jacksonville, Fla., for appellant.

O. K. Reaves, of Tampa, Fla., and D. G. Haley, of Sarasota, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant Olds sued Town of Belleair alleging that the Town had issued $300,000 of bonds dated July 1, 1924, validated by a decree of court dated July 28, 1924, for municipal improvements; that he had purchased $100,000 of the bonds, and the town had used the money for the municipal purposes for which it was borrowed; but in a proceeding to issue refunding bonds to which he was no party the Supreme Court of Florida had held the original bonds invalid and not refundable; State v. Town of Belleair, 125 Fla. 669, 170 So. 434; and afterwards the taxpayers had filed a suit against the Town and the bondholders as a class, Olds being an active party, seeking a decree that the bonds are invalid and that no tax should be levied or collected for them, and the Supreme Court had again, but for another reason, held the bonds void; Olds v. Alvord, 139 Fla. 745, 191 So. 434. Olds sues for $100,000 money lent the Town in July, 1924, and alternatively, for $100,000 money paid the Town by mistake in July, 1924, the mis-

take being that he and the Town each thought the bonds valid; and further alternatively he sues on certain past due coupons if it be held the bonds are after all valid.

The Town pleaded several defenses, and a special "additional defense" which set up the decree in Olds v. Alvord, supra, as an adjudication that the bonds are invalid and that the money was not used for municipal purposes. A summary judgment for the defendant was moved and obtained on this defense alone, the judge finding "that the State court determined and finally adjudged that the proceeds of the bonds sued upon in this cause were used for the benefit of private corporations and not for the public purposes of the Town of Belleair. That question of fact having been so litigated and determined cannot be relitigated in this cause."

In this we think there was error. This was the ground on which refunding of the bonds was refused in State v. Town of Belleair, supra; but Olds was not a party to that suit. It was put forward also in the case of the taxpayers, to which Olds was a party, together with the additional ground that in July, 1924, the Town under its charter could not issue bonds at all, because an election was required at which only taxpayers who had paid taxes the previous year could vote, and no one had paid taxes in 1923, the Town having been chartered in that year too late to levy taxes under the charter provisions. The trial court at first decreed that these bonds and two other series "were issued and the proceeds thereof used for the primary object of benefitting (named private corporations) in violation of Sect. 7 of Article 9 of the Constitution and no tax shall be levied for paying interest on or principal of any of said bonds." There was no mention of the other ground of attack. The Supreme Court had much difficulty with the case, being evenly divided, (Olds v. Alvord, 133 Fla. 221, 345, 183 So. 711; Id., 136 Fla. 549, 188 So. 652), but finally held that two bond issues were, because of the decree of validation, good against any defense based on the object of them or use of the proceeds, but the $300,000 issue, part of which Olds owns, was invalid be-

cause the Town had no power to vote bonds in July, 1924, and the decree of validation did not protect against this total want of power. The decree was affirmed "insofar as [it] affects the proposed tax * * * to produce funds with which to pay the principal and interest on the $300,-000 bond issue * * *; but, in all other respects, it is reversed and the cause is remanded with directions that a decree be forthwith entered not inconsistent with the views herein expressed." Olds v. Alvord, 139 Fla. 745, 191 So. 434, 450. The trial court thereupon entered a new decree covering the whole case, in which there was no mention of an unconstitutional private purpose or private use of proceeds of any bonds, but it was decreed "the issue of $300,000 dated July 1, 1924, for money received by said Town and used in the construction of seawalls, are void ab initio for the reason that under and by virtue of Chapter 9686, Special Acts of 1923, the power of the Town of Belleair Heights to issue bonds did not accrue or exist prior to January, 1925." An injunction against a tax for these bonds was again decreed. We think the issue as to the private object and use of proceeds of these bonds dropped out of the case and was unnecessary to be considered, and was in fact not decided in this final decree. That decree superseded the other. No issues were finally adjudged so as to make an estoppel by judgment in a suit on another cause of action, except those necessarily or actually decided in the final decree. Fulton v. Gesterding, 47 Fla. 150, 36 So. 56; Draper v. Medlock, 122 Ga. 234, 50 S.E. 113, 69 L.R.A. 483, 2 Ann.Cas. 650; Russell v. Place, 94 U.S. 606, 24 L. Ed. 214; Kelliher v. Stone & Webster, 5 Cir., 75 F.2d 331.

In so far as the present suit is alternatively on the bond coupons themselves, their invalidity for lack of power to issue them is settled. If on the other counts there be any relief available under Florida law growing out of the retention or use of Olds' money for municipal purposes, it is still open to enquiry. We pass only on the effect as an estoppel of the "additional defense", and as to that the judgment is reversed and the cause is remanded for further proceedings.