494.

## GETZ v. TOWN OF BELLEAIR.
### No. 9850.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1941.

Rehearing Denied July 2, 1941.

Giles J. Patterson, of Jacksonville, Fla., for appellant.

O. K. Reaves, of Tampa, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant sued the Town of Belleair on bonds issued by it, dated July 1, 1924; and alternatively, if the bonds are held void, for money had and received in that the Town received the money for the bonds and used it in the construction of public improvements. The Town denied its authority at that date to issue the bonds or borrow any money under its charter, and denied it had received any benefit from the money paid to it for the bonds. It pleaded as an "additional defense" an adjudication made in a suit by taxpayers against the Town and the bondholders as a class, in which this issue of bonds was decreed void. Olds v. Alvord, 139 Fla. 745, 191 So. 434. On a motion for summary judgment on this "additional defense" alone, the court held that the pleaded decree had adjudged that the proceeds of these bonds had been used for the benefit of private corporations and not for the public purposes of the Town; that the bonds were invalid; and that appellant though not personally served and a citizen of another State was a member of the class of bondholders and bound as a party; and dismissed the suit.

The bond issue here involved and the decree concerning its validity are the same discussed in Olds v. Town of Belleair, 5 Cir., 120 F.2d 492, this day decided. The main difference in the cases is that this appellant did not appear and litigate as Olds did in the case pleaded as res judicata and estoppel by judgment. Whether that litigation was properly a class suit to which all bondholders everywhere were parties and whether as a result all suffered a loss of their bonds, is an interesting question and we think one of grave doubt. We do not decide it, because we think that whether the appellant here is bound as a party or not, the decision of the Supreme Court of Florida that the Town of Belleair had under its charter no power to issue bonds in July, 1924, and that the decree of validation of July 28, 1924, does not cure this want of power, is conclusive as authority on these questions of State law. We are bound to follow it. There is no question of fact involved, for the Charter of the Town and the statute providing for validating bonds speak for themselves. This issue of bonds is invalid in the hands of anyone.

Whether there is any relief to be had under the law of Florida growing out of the Town's use of the money received for them we express no opinion, as that has not been tried out in the court below and there is an issue of fact thereabout. Even if the decree in Olds v. Alvord, supra, binds this appellant as a class party, it did not adjudicate the use of the proceeds for the benefit of private corporations, as we held in Olds v. Town of Belleair, supra. In this case, as in that, what relief may be had, if any, by reason of the use of the proceeds for municipal purposes stands open for trial.

The judgment is reversed and the cause remanded for further proceedings.