## TOWN OF BELLEAIR v. OLDS.

### No. 10157.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1942.

O. K. Reaves and E. C. Johnson, both of Tampa, Fla., and D. G. Haley, of Clearwater and Sarasota, Fla., for appellant.

Giles J. Patterson, of Jacksonville, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

When this cause was here before on the appeal of Olds,[1] it was from a summary judgment against him on the defense, and the finding, that the decree in Olds v. Alvord,[2] was an adjudication that the bonds he held were invalid and that their proceeds "were used for the benefit of private corporations and not for the public purposes of the Town of Belleair." Holding that "that question of fact having been so litigated and determined cannot be relitigated in this cause"; that insofar as the suit was on the bonds, their invalidity for lack of power to issue them was settled; that the issue of use of their proceeds for a nonpublic purpose, on which the summary judgment went against him, had not been adjudged so as to create an estoppel by judgment against Olds; and "if on the other counts there be any relief available under Florida law growing out of the retention or use of Olds' money for municipal purposes, it is still open to enquiry," we reversed the judgment and remanded the cause for further proceedings in the conduct of that inquiry.

[1] Olds v. Town of Belleair, 5 Cir., 120 F.2d 492, 493.

[2] 139 Fla. 745, 191 So. 434.

Retried upon the same pleadings, the judgment this time was for the plaintiff, and four others made plaintiffs by amendment,[3] not for $100,000 the face amount of the bonds held by them, but for the sum of $96,000, the amount received in cash and expended by the town in the construction of the seawall. The town, here pointing out that plaintiffs sue on account of moneys paid for bonds three times held void,[4] insists that plaintiffs have wholly failed to show that the proceeds thereof were expended by the town for lawful public purposes so as to make it liable, and that the judgment in their favor may not stand.

■ We agree with appellant. Plaintiffs were confronted with the positive and unequivocal holding of the Supreme Court of Florida, in the Town of Belleair case, Note 4, supra, that if "the primary object of the [seawall bond] issue or its appropriation, is to benefit the property of a corporation or chartered company", then the bonds are void insofar as they are charges against the municipality because in positive violation of Section 7 of Article 9 of the Constitution, and that it would be a flagrant violation of Section 7 of Article 9, to impose a tax on the Town of Belleair, to pay them, and its equally positive holding in Olds v. Alvord, that having been issued in violation of the restrictions of the charter prohibiting their issue except upon a vote, the bonds were "void ab initio". They were under a heavy burden to show that in fact and in law, the proceeds of the bonds, issued not merely irregularly but completely ultra vires, were so laid out by the town in improvements beneficial to it, as to make it liable to plaintiffs for the value thereof to the town.

■ This burden, heavy in fact and in law, plaintiffs have not sustained. On the contrary, the proof supports but one conclusion, that the moneys were obtained and spent pursuant to the very plan and with the very result reprobated by the Supreme Court of Florida in the Town of Belleair case, in these words: "In view of these facts, it would be difficult to conceive a more flagrant violation of section 7, of article 9 than it would now be to impose a tax on the town of Belleair to pay interest and retirements of these bonds."

■ This being so, all of the arguments presented and authorities cited by appellee in support of recovery are of no avail to plaintiff, for treating its case, as the plaintiffs say it is, as one on implied contract for money had and received, it is settled law that no such recovery can be had in regard to moneys obtained and spent by towns in violation of express prohibitions of constitution or statute, and this especially so when the prohibition violated is one against borrowing money without a vote of the people.[5]

If however, plaintiff's suit could be construed not as on implied contract for monies lent but for the value to the town, of improvements constructed with the money and retained and used by it, plaintiffs would stand no better for they have not shown a beneficial use to the town on which a recovery could be based, but quite the contrary.[6] Appellee's insistence that in the later case of Olds v. Alvord, the Supreme Court of Florida took the sting out of its

---

[3] This amendment made at the conclusion of the trial came about in this way. It appearing that, of the bonds sued on, plaintiff owns only $60,000 and his wife and daughters owned $40,000, the court, over the objection of defendant, allowed them to be made parties plaintiff, and over the further objection that their action was barred by limitation, gave each of them judgment for $960 as to each $1000 bond they owned.

[4] State v. Town of Belleair, 125 Fla. 669, 170 So. 434, 437; Olds v. Alvord, 139 Fla. 745, 191 So. 434, 443; Olds v. Town of Belleair, 5 Cir., 120 F.2d 492.

[5] Cameron County Water Imp. Dist. No. 8 v. De La Vergne Engine Co., 5 Cir., 93 F.2d 373; Board of Public Instruction v. Cooey, 128 Fla. 591, 175 So. 219; Phœnix Mut. Life Ins. Co. v. McAllen, 5 Cir., 82 F.2d 581; Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104; Keel v. Pulte, Tex.Com.App., 10 S.W.2d 694; Logan v. Board of P. I., Coke County, 118 Fla. 184, 158 So. 720; McCullen Municipal Corp., Second Edition, Vol. 6, Section 2509; City of Litchfield v. Ballou, 114 U.S. 190, 5 S.Ct. 820, 29 L.Ed. 132.

[6] Johnson v. Town of Anthony, 116 Fla. 302, 156 So. 732; Gulf Life Ins. v. Hillsborough County, 129 Fla. 98, 176 So. 72, all of which hold that a recovery on quantum meruit may not be had for money, labor or material, wasted, misappropriated or applied to expenditures not of a public nature. Webb v. Hillsborough County, 128 Fla. 471, 175 So. 874, 877; State v. Town of Belleair, 125 Fla. 669, 170 So. 434; Nuveen v. Board of Public Instruction, 5 Cir., 88 F.2d 175, at page 178.

findings in State v. Town of Belleair, by holding that validation had foreclosed all questions of invalid use, and that we, by reversing the former judgment against him, had affirmed his right to recover, will not at all do.

The Supreme Court of Florida did, in the Olds case, hold that the validation of those bonds of the town which were not void ab initio, has precluded the raising of the claim that they had been issued in violation of Section 7, Article 9 of the Constitution, but the same opinion flatly held, of the bonds in question here, that their issuance was beyond the power of the town, and that because this was so, they were not validated by that decree. Expressly affirming that the constitutional vice had not been purged out of them, it said, "it so happens that the proceeds of this $300,000 issue was used for building a sea wall and making other improvements which were chiefly beneficial to a private corporation." Further, while in Olds v. Belleair, we said that the issue of fact as to the non-public use of the proceeds of the bonds, had not been finally adjudged against Olds but was still open for inquiry, we definitely reaffirmed the invalidity of the bonds for lack of power to issue them, and sent the case back not for judgment for plaintiffs but for the prosecution of the inquiry, whether any relief on the other counts of his claim was available to him under Florida law growing out of the retention of his money for municipal purposes.

Whether, as suggested by the Supreme Court of Florida,[7] plaintiff has any right to proceed against the properties of the hotel company and the other private persons for whose benefit the seawall was laid down, is not before us and we express no opinion on it. Neither do we undertake to determine what remedies are open to plaintiff to proceed against and impress a lien or charge, on the seawall as the product of his money. Cf. Nuveen v. Board of Public Instruction, Note 6, supra. All that we determine is that the town is not liable to plaintiffs either on the bonds, on the counts for moneys had and received, or for moneys beneficially spent and used by the town for public purposes. The judgment is reversed and the cause is remanded with directions to enter judgment against plaintiffs and for the town without prejudice to plaintiffs'

right to proceed, as they may be advised against the seawall itself and its benefited owners.

---

[7] "The bondholder is not deprived of his right to proceed against the properties especially benefitted and improved by the proceeds of the bonds to recover his claim." State v. Town of Belleair, 170 So. at page 438.