## SEELEY v. TOWN OF BELLEAIR.
### No. 9931.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1942.

Harry L. Thompson, of Clearwater, Fla., for appellant.

O. K. Reaves, of Tampa, Fla., and D. G. Haley, of Sarasota and of Clearwater, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This case presents claims against the town growing out of the issue and sale and the use of the proceeds, of bonds of the issue dealt with in Olds v. Town of Belleair, 5 Cir., 120 F.2d 492. It is like that case in that it is here on appeal from a

---

summary judgment for the town on pleadings and affidavits based on a finding: that the bonds are void ab initio for want of power to issue them and there can be no recovery on them, and that their proceeds having been used not for public purposes of the Town of Bellcair but for the benefit of private corporations, there could be no recovery for moneys had and received.

It is unlike Olds' case in that plaintiff, by amended complaint, sounding in the theory that the money had been obtained through the fraud of the town in confederation with owners of the hotel property, and because thereof, when the bonds were declared invalid, a cause of action arose against the town for monies had and received, alleged,[1] that the bonds were issued and the proceeds spent not honestly and for public purposes but fraudulently and as the result of a conspiracy to benefit a private corporation and its properties.

We have this day reversed the judgment in Olds' case and directed judgment in favor of the town. For the reasons there given, reasons even more plainly applicable here, because plaintiff has expressly pleaded that the bonds were issued and the monies used for a forbidden purpose, the judgment in this case in favor of the town is affirmed.

---

[1] (7) Plaintiff alleges that the Town of Belleair Heights, through its mayor-commissioner, E. E. Carley, and its two other commissioners conspired with the Bellevue-Griswold Hotel Company, whose active vice-president was E. E. Carley, in the issuance of said bonds for the primary benefit of the latter company; that said bonds were intended from the beginning to promote the interest of said Hotel Company and that the public credit was thus used designedly, intentionally and wilfully for the benefit of the latter corporation, and that the larger portion of the proceeds of said bonds was used for the benefit of the Hotel Company.

(8) That the defendant, Town of Belleair, now denies liability for the debt thus evidenced, on the sole ground that the money thus obtained by its predecessor was used for the primary benefit of said Hotel Company under the circumstances above alleged, thus seeking to enrich itself by the fraud of its predecessor.