## BROWNELL v. CITY OF ST. PETERSBURG, FLA.

### No. 10100.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1942.

722

J. Carl Lambdin, of St. Petersburg, Fla., for appellant.

Carroll R. Runyon and Harry I. Young, both of St. Petersburg, Fla., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was to recover a total sum of $8,304 deposited with defendant on July 25, 1925, $5,708 for the purpose of making extensions to water main, and $2,596 for the purpose of making extensions to gas mains, to be laid in the streets of an addition being laid out by plaintiff, with a covering agreement for their return to plaintiff within one to three years from that date.

The claim was that though plaintiff had advanced the moneys at defendant's request and upon the agreement aforesaid, and the defendant had expended them for making extensions to its gas and water systems in the public streets of the city, it had refused to repay said sums in accordance with its agreement and was liable to plaintiff on the contract for said sums or as for moneys had and received.

Defending that it was never indebted and that it never promised as alleged, defendant also filed pleas: (1) Denying the power and authority of the director of public utilities, with whom plaintiff had dealt, to make a contract binding on the city for

the return of the moneys; (2) denying that plaintiff's money was spent for the use of the city and that the city received any benefit from its expenditure; and (3) urging the statutes of limitations, of three, four, and five years. Comp.Gen.Laws, Fla., 1927, § 4663, subds. 3, 4, 5.

To the defenses on the merits that the contract was violative of charter prohibitions and no recovery could therefore be had, either on it or for moneys had and received, appellant replies, (1) that the contract for loan of the money was not invalid, (2) that if invalid it was so not because in contravention of prohibitions in the charter but only because it failed to comply with required forms, and (3) that this being so and his money having been expended for city improvements, he was entitled to have it back as money had and received by the city. To the defense of limitations appellant replies that whether his suit be regarded as on the contract, or for moneys had and received, it was brought in time. For, it was brought March 24, 1931, and his cause of action did not accrue, if on the contract, until July 25, 1928, three years after the payment of the money, and if for moneys had and received, until September 21, 1928, the day the city declined payment.

Tried to the judge without a jury, there were findings: (1) That the plaintiff had no valid contract with the city for the return of the money advanced; (2) that it was advanced for the benefit of plaintiff's property, and the city derived no benefit from its expenditure; (3) that plaintiff could recover neither on the contract nor for moneys had and received; and (4) that if plaintiff had ever been entitled to recover on the implied promise, limitation had begun to run on it from the time of the advancement of the money and had barred the suit.

Appellant is here insisting that the contract he made was a valid one and he is entitled to recover on it. He insists further that if mistaken in this, his suit, under settled Florida law, is a suit for money had and received on which limitation did not commence to run until the city had repudiated, and refused to pay under, the express contract. The facts are quite simple and without dispute. Appellant, the owner of a tract of land in the city which he was about to develop as residential property, applied to the director of utilities for extension into and through it, of the city's system of water and gas mains. Advised by the director that the city was not in funds but that if he would advance the city the money, the city, as it had done under a practice of many years standing, in the course of which more than 300 such advances had been made, would lay the mains and would repay him within one to three years, the moneys advanced to it, appellant advanced the money. The city laid the mains as part of its gas and water systems and has since maintained them as such, appellant having never had anything to do with either their laying, their maintenance, or their use. The three years fixed in the agreement having elapsed without payment and defendant having demanded payment, the city for the first time questioned its liability and declined to pay. This suit followed in less than three years. At the time the mains were applied for, plaintiff had four houses in process of building, and both he and the director of utilities expected that a considerable building movement would follow with benefits as well to plaintiff as to the city. The Florida boom however, collapsed, no other houses were built and neither the plaintiff nor the city has derived the substantial benefits from the addition that they both anticipated. At all times however, the mains have been, they are, an integrated part of the city's gas and water systems to the same extent as all other parts of it are. Appellant had nothing to do with letting the contracts for or the laying of the mains, has had, nothing to do with their maintenance, none of the receipts from their use. At no time has he had or made any claim to them. At no time has the city recognized appellant as making or having any claim to or interest in them.

While because appellant can point to no provision of the charter expressly authorizing the director of public utilities to borrow money and obligate the city to repayment, as was attempted to be done here, we cannot agree with appellant that he can recover on his contract, we do agree with him that the contract was not prohibited by the charter and that the money having been borrowed and properly expended for a lawful purpose, the city is liable for it upon quantum meruit, as for money had and received. McQuillin Municipal Corporations, Vol. 5, Sec. 2092; Elliott on Contracts, Vol. 2, Sec. 1377; Logan v. Board, 118 Fla. 184, 158 So. 720, 725; Hillsborough County v. Highway Engineering & C. Co., Fla., 199 So. 499;

724

Town of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279, 281; Cf. Jacksonville Pub. Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672; Ramsey v. City of Kissimmee, 139 Fla. 107, 190 So. 474; City of Punta Gorda v. Eureka Fire Hose Mfg. Co., 117 Fla. 614, 158 So. 128; Board of Public Instruction v. Cooey, 128 Fla. 591, 175 So. 219.

■■ In refusing recovery because appellant, as the owner of the addition, stood to gain a benefit by the extension of the mains into it and because the outturn of the project made the expenditure an unprofitable one for the city, the district judge erred. It is settled law in Florida as indeed generally elsewhere, that the fact that particular individuals or even chartered companies or corporations derive a benefit from the making of public improvements, does not make the improvements any the less public or the city any the less liable for money borrowed to make them. Olds v. Alvord, 133 Fla. 221, 345, 183 So. 711, at page 714; State v. Town of Belleair, 125 Fla. 669, 170 So. 434, 437. It is also settled law in Florida and generally elsewhere that the recovery for money had and received is not to be determined by whether the expenditure was profitable to the city, nor is it to be measured by the money or use value to the city of the improvement but by its cost, provided only that the cost be reasonable and not swelled by waste, misappropriation or extravagance. Moore v. Spanish River Land Co., 118 Fla. 549, 159 So. 673; Town of Boca Raton v. Moore, supra; Cf. Town of Belleair v. Olds, 5 Cir., 127 F.2d 838; Hillsborough County v. Highway Engineering & C. Co., Fla. 199 So. 499. Further, it is settled in Florida and generally elsewhere that it is only where the money is not used for a public purpose or is used for a prohibited thing, that a recovery for moneys advanced, as here, may be denied. Town of Belleair v. Olds, 5 Cir., 127 F.2d 838.

■■ We agree with appellant also that though he may not recover on the contract against the defense that he cannot show compliance with the charter in making it, the agreement that the city would pay it back in three years, bound him, and until the expiration of that time, or an earlier repudiation of it, plaintiff could not sue upon, his cause of action for moneys had and received for until then it did not accrue, and limitations therefore did not commence to run upon it. Nuveen & Co. v.

City of Quincy, 115 Fla. 510, 156 So. 153, 94 A.L.R. 600; Gulf Life Ins. Co. v. Hillsborough County, 129 Fla. 98, 176 So. 72, 76; Special Tax School District No. 1 v. Hillman, 131 Fla. 725, 179 So. 805; Cf. Federal Reserve Bank v. Atlanta Trust Co., 5 Cir., 91 F.2d 283, 117 A.L.R. 1160.

■■ In Federal Reserve Bank v. Atlanta Trust Co., 5 Cir., 91 F.2d at page 288, we pointed out that each cause of action has its own limitation and is barred only when the time for that particular action has run after its complete accrual. We pointed out there that limitation never commences to run until the time when the plaintiff could first have maintained his action to a successful result. Bound by his contract with the city not to sue upon it until three years had elapsed and having no action against the city until its repudiation of the contract, limitation could not, it did not, commence to run until the expiration of the time the contract fixed. Plaintiff's action was neither wanting in merit nor barred by limitation and the judgment denying recovery of the principal amount sued for was wrong. We do not agree with appellant however that he was entitled to recover interest on the principal sum. By the agreement with the city the funds were not to bear interest and it is quite plain that the city has had no beneficial use of the funds equivalent to the interest demanded. In such circumstances, in a suit based as this one is, on equitable principles, a recovery of interest should not be had.

The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff for the principal sum sued for but without interest.

Reversed and remanded.

McCORD, Circuit Judge (dissenting).

I think the judgment should be affirmed. The case was tried by the court without a jury, and special findings of fact and conclusions of law were entered. Under Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the findings of fact are not to be set aside "unless clearly erroneous". The court below found [38 F.Supp. 1003, 1006] "that the improvements so installed upon Broadmoor Subdivision, then being the property of the plaintiff, were of substantial benefit to plaintiff, Spencer Brownell"; and "that said improvements were of no practical benefit to the defendant, City of St. Peters-

burg, and were not at the time of their installation, or are they now, a financial asset of the City." The court further stated: "There is no showing that the defendant * * * desired these water and gas mains installed or that they would ever have installed the mains in this particular part of the City, which has been shown to be an outlying section. There is no testimony before this court to show that the defendant received any benefit by the installation of these mains. On the contrary, there has been evidence adduced to show that these mains have been a distinct liability to the defendant, City." The findings are not "clearly erroneous", but are, I think, fully supported by the record. I am of opinion that the district court properly held that there was no implied contract, and that recovery against the City was not authorized. No income or benefit has enured to the City by reason of the development. I fear that when installation of these mains are held to give rise to a legal and binding obligation on the part of the City, the case will become citation and incentive to others in the future to influence officers of cities and towns to construct for interested parties such improvements as may be desired by them, and thereby create for the taxpayers debts too heavy to be borne and in the end work the financial destruction of such municipalities. Because the mains were laid for the special benefit of Brownell, and not for the benefit of the City, I dissent from the holding that the City is liable "upon quantum meruit, as for money had and received."