HOBSON, Chief Judge.
Appellant filed its amended complaint alleging that on and prior to November 27, 1962, it was the owner of a certain subdivision of real property known as Fair-lawn Park Manor Unit #One and Fairlawn Park Manor Unit #Two. Appellant further alleged that in developing the subdivision it constructed and installed water distribution and sewage collection systems which were buried beneath the surface of the several lots in the subdivision but which were easily detachable and removable and, therefore, constituted personal property purchased and paid for by the appellant. According to the complaint, on various dates between 1963 and 1966, the appellee, without paying compensation to appellant, appropriated the aforesaid water and sewer systems to its own use and incorporated them into the municipal water and sewer system and has continually since that time used said personal property and charged monthly fees to the residents of the subdivision for use of water and sewer services rendered by the appellee through the appropriation of appellant’s personal property. Appellant prayed that the appellee be required to institute appropriate proceedings to condemn the personal property and to pay just compensation for its appropriation.
The appellee filed an answer to the amended complaint denying virtually every allegation and by affirmative defenses alleged appellant had dedicated the sewer system and water system to the defendant and that the systems constituted a portion and part of the real estate and were not personal property.
Following discovery proceedings, including answers to interrogatories and requests for admissions, the case came on for trial October 8, 1968. At the conclusion of the trial the court entered its judgment in favor of the appellee, finding that the water and sewer systems did, in fact, constitute real property. Appellant then brought this appeal.
Appellee contends: 1) that the water and sewer systems are real property even though there was expert testimony to the effect that the entire systems could be removed without causing permanent injury to the ground, because such experts admitted that it could be a major project, and that nearly anything can be removed from the ground without permanent damage thereto; 2) that appellant, by recording its plat dedicating the streets in the subdivision as public rights-of-way with no reservations, and then subsequently installing the water and sewage systems in the dedicated rights-of-way, exhibited an intention to also dedicate the water and sewage systems ; and that appellant never intended to run a utility company and looked to and in fact had its plans approved by appellee with full anticipation that they would take over and service the residents contained in the subdivision; 3) that prior to the initiation *578 of this action, appellant had divested itself of all interest in the real property in question (by selling the lots), and therefore has no standing to recover in this case; and 4) that because water and sewer systems were required in order to obtain FHA financing, and because appellant advertised the lots to have water and sewer service, the selling price of the lots reflected appellant’s expenses incurred in installing the water and sewer systems, and it has already received compensation.
Appellant contends that the water and sewer systems are personal property, and that it did not intend to dedicate them along with the street rights-of-way. Appellant relies on Mobilife Corp. v. Klemmer, 167 So.2d 336 (Fla.App.1964), and cases from other jurisdictions, e. g., Wichita Finance and Thrift Co. v. City of Lawton, 131 F.Supp. 788 (W.D.Okla. 1955), aff’d 240 F.2d 600 (10th Cir. 1957). See also Selected Invest. Corp. v. City of Lawton, 304 P.2d 967 (Okla.l956). We agree with appellant’s contention that the systems in question constitute personal property, even though the Mobilife case, supra, was a'tax case dealing with the question of whether a water and sewer system should be taxed as tangible personal property. While it is often said that tax cases should be relied upon sparingly in other areas of law, we are of the opinion that the Mobilife case, and the authorities cited therein lend support to our conclusion. See also 14 Fla. Jur. Fixtures § 6 (1957).
The record does not support a conclusion that appellant intended to dedicate the water and sewer systems because it built them under street rights-of-way which had already been dedicated. Appellant paid the electrical charges for operation of the systems until just before institution of this suit.' The units of property in question were only part of a larger one hundred acre tract which appellant had developed. Appellant had installed water and sewer systems on other portions of this tract, and had entered contracts with appellee, whereby appellee agreed to reimburse appellant for the expenses of installation of the systems by paying a certain percentage of the gross receipts from the distribution systems. As a result of such agreements, appellee now owns the entire water and sewer system in the tract developed by appellant, except the portions in question in this suit. The facts relied upon by the appellee to indicate that appellant never intended to operate a utility or the systems in question are fully consistent with appellant’s allegation that it understood that the same type of agreement was in effect or would be entered with regard to the systems in question. This is a much more logical result than the view that these facts indicated an intent on appellant’s part to dedicate the systems to appellee.
Appellee’s allegation that appellant has no standing now that it has conveyed all interest in the real property has no merit in light of our holding that the water and sewer systems constitute personal property. In addition, appellee’s contention that because water and sewer systems were required for FHA financing, and appellant advertised the lots as having water and sewer service, appellant was compensated for the value of the systems through increased selling prices of the lots, is without merit. There is no showing in the record that appellant could not have received more for the lots had it intended to be compensated for the systems, or that the sale prices of the lots reflected the installation expenses of the systems. See Selected Invest. Corp. v. City of Lawton, 304 P.2d 967, 972-973 (Okla.1956); Derby Heights, Inc. v. Gnatt Water and Sewer District, 237 S.C. 144, 116 S.E.2d 13, 16-17 (1960).
We recognize that there is a split of authority in cases where governmental authorities have taken over private water or sewer systems for public use, but we feel that the better rule is that absent a clear indication of a dedication of water or sewer systems, the subdividor who installed them is entitled to compensation when a city *579 takes over and operates the systems. This is not based on an express or implied contract, but on quantum meruit. Abbot Realty Co. v. City of Charlotte, 198 N.C. 564, 152 S.E. 686, 688 (1930); Leonard v. Town of Waynesboro, 169 Va. 376, 193 S.E. 503, 506 (1937). Although there does not appear to be a case directly on point in Florida, Brownell v. City of St. Peters-burg, 128 F.2d 721 (5th Cir. 1942) indicates that the federal jurisdiction in Florida favors a recovery based on quantum meruit. In the Brownell case, the developer requested the city to extend its gas and water mains to his development. The city agreed, but only if the developer advanced it the money for construction costs, which was to be repaid out of revenues from the extended mains. When the city refused to repay the developer, he brought suit on the contract. While the court found the contract to be unenforceable, it held that the city was liable to the developer upon quantum meruit. Id. at 723. It appears in the case sub judice that appellee has been unjustly enriched, and is therefore liable to appellant on quantum meruit. The order appealed is therefore
Reversed and remanded.
PIERCE, J., concurs.
MANN, J., dissents with opinion.