421 So.2d 677 (1982)
Richard D. JACKSON, Appellant,
v.
Thomas B. GRIFFITH, Appellee.
No. 82-188.
District Court of Appeal of Florida, Fourth District.
November 3, 1982.
Thomas P. Quinn, Fort Lauderdale, for appellant.
Thomas B. Griffith, Boca Raton, for appellee.
BERANEK, Judge.
Appellee, Thomas B. Griffith, an attorney, sued appellant, Richard D. Jackson, for attorney's fees in relation to a real estate transaction. The complaint was based solely on a written instrument signed by appellant, whereby he agreed to pay appellee a fee of $4,000. In its final judgment, the trial court found that the agreement was void because of coercion, duress, and threats directed by appellee against appellant at the time appellant signed the agreement. It was the view of the trial court that appellant would not have signed the document but for said coercion, duress, and threats. The court thus denied appellee's claim for $4,000. However, the court awarded appellee $1,500 in attorney's fees on the equitable principle of quantum meruit.
We reverse. Initially, we note that appellee did not allege quantum meruit or unjust enrichment in his complaint. Further, appellee did not make a motion to conform the pleadings to the evidence in accordance with Florida Rule of Civil Procedure 1.190(b). In any event, the evidence adduced at trial was insufficient to permit an amendment of the pleadings.
We are also troubled by the court's award of a fee based on the equitable doctrine unjust enrichment following on the heels of its finding of coercion and duress. *678 Certainly, an attorney displaying conduct sufficient to void an agreement in law should not be allowed to profit from his blatantly unprofessional conduct in equity.
REVERSED AND REMANDED WITH INSTRUCTIONS TO ENTER JUDGMENT FOR APPELLANT.
HERSEY and DELL, JJ., concur.