533 So.2d 929 (1988)
LANCE HOLDING COMPANY, a Florida Corporation and Lance Holding Company, a North Carolina Corporation, Appellants/Cross-Appellees,
v.
Paul R. ASHE, Appellee/Cross-Appellant.
No. 87-2029.
District Court of Appeal of Florida, Fifth District.
November 17, 1988.
Benjamin H. Ayres, Ocala, for appellants/cross-appellees.
Brian J. Lee and Paul R. Ashe, of Paul R. Ashe, P.A., Ocala for appellee/cross-appellant.

ON MOTION FOR REHEARING
COBB, Judge.
Pursuant to motion for rehearing we vacate our opinion herein and substitute the following:
This is an appeal from a judgment finding that the corporate defendants below, Lance Holding Company, a Florida corporation, and Lance Holding Company, a North Carolina corporation, are liable under an employment contract with the appellee, Paul Ashe, a Florida attorney. Ashe filed a complaint against the corporate defendants, and against Burl Lance and Jeter *930 Mooneyham individually,[1] alleging that Mooneyham and Lance, as consultants and officers of the Lance corporations, entered into a written contract employing Ashe to render attorney services, and that Ashe performed under the contract until he was wrongfully terminated.
Mooneyham and Lance testified at trial that Ashe was terminated when they discovered his "criminal record" and his suspension from the Florida Bar. Ashe was suspended from the practice of law in Florida from October 28, 1982 through April 22, 1986 because of his conviction in federal court of fraud by wire and interstate transportation of false and forged securities. The record further reveals, without dispute, that Ashe's resume concealed the suspension and asserted that he had specialized attorney experience in "taxation, bankruptcy, estate planning, securities, real estate and commercial practice for nineteen (19) years ..." The nineteen years specifically purported to encompass the years from 1982 through 1986.
We find that the trial court erred in entering judgment for Ashe in the face of the material misrepresentation he utilized to obtain the employment contract. It is a fundamental proposition that a contract induced by fraud is voidable. 11 Fla. Jur.2d, Contracts § 35. There is no evidence in this case that the defendants were guilty of laches or waived the wrong, and they were fully justified in rescinding the employment contract. Nor are we willing to sustain the judgment below on a quantum meruit rationale for the reasons stated in Jackson v. Griffith, 421 So.2d 677, 678 (Fla. 4th DCA 1982): "[A]n attorney displaying conduct sufficient to void an agreement in law should not be allowed to profit from his blatantly unprofessional conduct in equity."[2]See Fla.R.Prof.Conduct, 4-7.1(a). In view of this determination, the remaining issues raised on appeal and cross-appeal are moot.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT FOR THE APPELLANTS, THE CORPORATE DEFENDANTS BELOW.
SHARP, C.J., and ORFINGER, J., concur.
NOTES
[1] Lance and Mooneyham were dismissed from the action by the trial court, an issue raised by the appellee's cross-appeal.
[2] We recognize that quantum meruit technically is an action at law (assumpsit) based upon a theory of implied contract. See Boyce Construction Corporation v. District Board of Trustees of Valencia Community College, 414 So.2d 634 (Fla. 5th DCA 1982). Nevertheless, equitable principles traditionally have been applied to such actions. See Brownell v. City of St. Petersburg, 38 F. Supp. 1003, 1007 (S.D.Fla. 1941), rev'd on other grounds, 128 F.2d 721 (5th Cir.1942); Accord. Sharp v. Bowling, 511 So.2d 363, 365 (Fla. 5th DCA 1987) (Assumpsit for monies had and received held an action at law, but grounded in equity). This is so because courts of equity traditionally possessed jurisdiction concurrently with courts of law in constructive fraud cases involving the breach of confidential and fiduciary relationships. Mr. Justice Story, Commentaries on Equity Jurisprudence at 47, 164-165, 194-200 (1884).