BAREDULL, Senior Judge.
Marcus appeals a final judgment entered in favor of Sullivan, arising from Marcus’ action to enforce a promissory note. The judgment reads in part as follows:
FINDINGS OF FACT AND CONCLUSIONS OF LAW
1. The plaintiff in this cause is a lawyer who represented the defendant’s current husband, whom the plaintiff knew was contemplating bankruptcy at the time the plaintiff represented him in a hotly contested divorce. The plaintiff provided more than $20,000 in legal services to the defendant’s current husband who was her boyfriend at the time.
2. The plaintiff lawyer had also represented the ex-wife of the defendant’s current husband and had done such an excellent job for the ex-wife against the defendant’s current husband that he was hired by the defendant’s current husband in his second divorce.
H* * * * * *
4. The defendant’s current husband is a lawyer who has worked for the F.B.I. for many years.
5. The defendant is a former credit manager who worked for a large department store in Miami.
6. Both the defendant and her current husband are sophisticated in the world of credit. The plaintiff lawyer is likewise sophisticated.
7. At the time of the second divorce, the defendant and her boyfriend were living together.
8. At the time of the second divorce, the defendant’s current husband apparently had no other convenient source of funds to pay the plaintiff lawyer in his second divorce other than the defendant, his girlfriend at the time.
9. The defendant was recovering from her own divorce when the plaintiff lawyer asked the defendant to sign a note and mortgage for $20,000 to secure payment *662 for legal fees for her boyfriend’s divorce. The defendant’s boyfriend did not join in the request of the plaintiffs lawyer to mortgage the defendant’s residence.
10. Although the plaintiff lawyer did not persuade the defendant to mortgage her residence to secure the plaintiffs fees for the boyfriend’s divorce, the plaintiff lawyer did persuade the defendant to sign a promissory note for repayment of $20,000 in legal fees for her boyfriend. The defendant’s boyfriend, now the defendant’s husband, asked her to sign the note for $20,-000, at a meeting with the plaintiff lawyer.
11. The court acknowledges that the plaintiff lawyer was within his rights to advise the defendant that he would not proceed on behalf of her boyfriend at the trial without security for his attorneys’ fees.
12. However, the plaintiff lawyer extracted a promise from the defendant to pay the debt of another (her boyfriend) under eve-of-trial-in-a-child-custody-divoree circumstances without giving the defendant a chance for independent counsel or full disclosure of her legal rights.
13. The promissory note that the plaintiff lawyer obtained from the defendant made the lawyer a creditor of the defendant in circumstances fraught with conflicts of interest. If the defendant had been first counseled by another lawyer independently, the promissory note if then signed may have been enforceable.
14. The joint request (from her boyfriend and his lawyer) was coercive to this defendant despite her expertise in the area of credit obligations. The defendant’s signature on the promissory note is not that of a volunteer.
15. Due to the conflict of interest inherent in the relationships of a girlfriend and her boyfriend who was about to lose his divorce lawyer, independent counsel for the defendant should have been obtained to create a binding voluntary entry into her boyfriend’s financial obligations for the ul-tímate benefit of the boyfriend’s lawyer (the plaintiff.)
16. Although no case on point appears to exist, the court finds the promissory note unenforceable due to duress exercised not only by the plaintiff lawyer but also by the defendant’s boyfriend, who would have lost his lawyer if the defendant had not cooperated by signing the promissory note, if the trial court had permitted the plaintiff’s withdrawal on the eve of trial.
17. The business between the plaintiff lawyer and the defendant was not conducted at arm’s length.
18. Rule 4-4.3 of the rules of Professional Conduct of The Florida Bar provides that in dealing on behalf of a client with a person who is not represented by counsel, the lawyer 'should not give advise to an unrepresented person other than the advice to obtain counsel. In this case, the plaintiff lawyer should have referred the defendant to a lawyer before obtaining her signature on a promissory note to pay legal fees for her boyfriend.
19. Due to plaintiffs obtaining of the obligation of the note by duress and overreaching, the parties are restored to their pre-note status. See Jackson v. Griffith, 421 So.2d 677 (Fla. 4 DCA 1982).
We disagree with the trial judge that sufficient evidence existed to find duress under these circumstances.
“[T]here can be no legal duress without there being a threat to do some act which the threatening party has no legal right to do — some illegal exaction or some fraud or deception.” Paris v. Paris, 412 So.2d 952, 953 (Fla. 1st DCA 1982). Fuller v. Roberts, 35 Fla. 110, 117, 17 So. 359 (1895); see also City of Miami v. Kory, 394 So.2d 494, 498 (Fla. 3d DCA 1981) Corporacion Peruana de Aeropuertos y Aviacion Comercial v. Boy, 180 So.2d 503, 505 (Fla. 2d DCA 1965). As the trial court’s judgment reflects no finding of fact to establish that the plaintiff threatened to commit an act which he had no legal right to commit, we find the legal conclusion of duress to be unsupported.[1]
*663 We are aware of no law that an attorney need require the payee of a note to secure counsel prior to signing a note to secure the legal fees of another.[2] To hold otherwise would effectively provide a per se basis to invalidate most, if not all, promissory notes securing legal fees of another.
Reversed and remanded, with directions to enter judgment for plaintiff.
GERSTEN, J., concurs.

. A trial transcript was not included in the record on appeal, but we accept the finding of the trial court for purposes of this opinion.

. When an attorney is dealing with a prospective client, the two deal at arm’s length, and that should likewise be so when an attorney deals with a third-party. We have not overlooked the case of Jackson v. Griffith, 421 So.2d 677 (Fla. 4th DCA 1982), cited by the trial judge, but find it not to be applicable because it involved a contract between an attorney and client with an established relationship, whereas the instant case involves a contract between an attorney and a non-client third-party. See R. Regulating Fla. Bar, ch. 4, preamble.